RECEIVED

2005 NOV 28  A 10: 35

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY, as successor in interest to Globe Indemnity Company | ) ) ) | |
| Plaintiff | ) | |
| vs. | ) | CASE NO.: 2:05cv1127-B |
| PEOPLES COMMUNITY BANK INCORPORATED, LARRY PITCHFORD, JERRY GULEDGE, HARRIS LEVESON, and HARRIS PEST AND TERMITE CONTROL, INC., | ) ) ) ) ) | DEMAND FOR JURY TRIAL |
| Defendants | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Royal Indemnity Company as successor in interest to Globe Indemnity Company ("Plaintiff") or ("Royal") offers the following as its Complaint for Declaratory Judgment against the defendants.

### PARTIES

1.  Royal is a foreign corporation with its principal place of business in North Carolina.

2.  Defendant, Peoples Community Bank, Inc., upon information and belief, is a corporation organized under the laws of the State of Alabama with its principal place of business in the State of Georgia.

3.  Defendant Larry Pitchford, upon information and belief, is a citizen of the State of Alabama with his current residence located in Abbeville, Alabama.

4. Defendant Jerry Guledge, upon information and belief, is a citizen of the State of Alabama with his current residence located in Eufaula, Alabama.

5. Defendant Harris Leveson, upon information and belief, is a citizen of the State of Alabama, with his current residence located in Midway, Alabama.

6. Defendant Harris Pest and Termite Control, Inc., upon information and belief, is a corporation organized under the laws of the State of Alabama, with its principal place of business in Midway, Alabama.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this matter as the real parties in interest are diverse and the amount in controversy exceeds the jurisdictional requirement. Furthermore, this Court has jurisdiction to hear this action pursuant to the Declaratory Judgment Act, 28 U.S.C.A. §2201.

8. Venue is proper as the underlying action occurred in Barbour County, Alabama, making venue appropriate under 28 U.S.C. §1391(a)(2) as "a substantial part of the events or omissions giving rise to the claim occurred" in this venue.

## FACTUAL ALLEGATIONS

9. Defendants Leveson and Harris filed suit against Peoples Community Bank, Guledge and Pitchford on February 20, 2004. The allegations of the Complaint were that the defendants fraudulently, negligently, and wantonly engaged in a series of transactions involving the plaintiffs while they were customers of the bank. (See, Complaint, Exhibit "A")

10. The underlying action was tried to a bench trial before the Honorable Burt Smithart. Following the trial, the Court issued an order granting judgment against the

2

defendants. (Exhibit "B") Judgment was entered in favor of the plaintiffs in the sum of $2,500,000.00 in compensatory damages and $1,000,000.00 in punitive damages. The Court's order entering judgment on this matter does not apportion damages between the defendants, nor does it attempt to distinguish the alleged conduct for which damages were awarded.

11.     Royal Indemnity Company, as successor in interest to Globe Indemnity Company, issued a commercial liability policy to Peoples Community Bank on December 28, 2002. The policy covered occurrences that occurred between the effective date and December 28, 2003. A copy of this policy is attached as Exhibit C.

12.     This action is an action for declaratory judgment and other relief sought by Royal pursuant to 28 U.S.C.A. §2201, to declare the rights, obligations and liabilities of the parties involved in this ligation with respect to the policy mentioned above. At issue is whether there is coverage under the terms and conditions of the policy for the claims made against Peoples Community Bank. Plaintiff is in doubt about its rights, duties and liabilities as specified in this Complaint.

13.     The policy in question was a Commercial General Liability policy with a Professional Services Exclusion for Financial Institutions. The policy names Peoples Community Bank as the named insured.

14.     The general liability policy contains the following insurance agreement under §1, Coverage A - Bodily Injury and Property Damage Liability:

**1.     Insuring Agreement**

3

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

. . .

    3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

    13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

    17.    "Property damage" means:

        a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

        b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

15. The allegations contained in the suit do not meet the definitions of "bodily injury", "occurrence" or "property damage," nor do the allegations fall within the effective dates of the policy of insurance.

16. The following exclusions under the policy are also important:

4

    a.    **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .

    b.    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    (1)    That the insured would have in the absence of the contract of agreement; or

    (2)    Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. . . .

. . .

17. Coverage B – Personal and Advertising Injury Liability contains the following insurance agreement:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

18. The following policy definition is important:

    **14.**    "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

        a.    False arrest, detention or imprisonment;

        b.    Malicious prosecution;

        c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises

        that a person occupies committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

19. The allegations in the underlying lawsuit upon which the judgment is based do not fit the definition or "personal or advertising injury."

20. The Professional Services Exclusion - Financial Institutions also contains the following important language:

This insurance does not apply to "bodily injury", "property damage" or "personal injury" and "advertising injury" arising out of the rendering of or failure to render any professional services by or for you including but not limited to:

    **a.**    Advising, inspecting, reporting or making recommendations as an insurance company, mortgagee, mortgage servicing agent, bank or lending institution, financial advisor, financial and/or insurance consultant, insurance broker, insurance agent or insurance representative;

    . . .

    **g.**    Conducting an investment, leasing, loan or real estate operation or department;

    . . .

    **k.**    Charging excessive, allegedly excessive, unreasonable or unnecessary fees.

. . .

    **m.**    Purchasing, selling, participating, granting, restructuring, terminating, transferring, administering, failing to provide, administer or perform or rendering of advice in connection with any loan, lease, extension of credit or repossession.

. . .

    **o.**    Engaging in any acts in actual or alleged violation of any United States federal or state law, international law or agreement, or law of any nation governing antitrust, restraint of trade or unfair trade or related practices.

21.    Even if otherwise covered, this exclusion would eliminate coverage.

22.    Following the entry of judgment in the underlying case, Peoples Community Bank demanded that Royal pay its policy limits as a means of attempting to satisfy the judgment. On the very same day the judgment was entered, the plaintiffs filed a garnishment action in the Barbour County Circuit Court pursuant to Alabama Code §27-23-2.

23.    The claims asserted by the plaintiffs in the underlying action, upon which the Barbour County Circuit Court eventually entered judgment, are not covered under the terms of the Policy.

24.    Other terms, conditions, exclusions and definitions may exist under the Policy and Royal does not intend to waive any available policy language by listing specific ones throughout the complaint.

## COUNT ONE – DECLARATORY JUDGMENT

25.    Royal adopts and incorporates by reference all of the allegations contained in the preceding paragraphs.

26.     Royal alleges that there exists a justiciable controversy regarding its rights and duties under its policy to provide coverage to Peoples Community Bank for the claims asserted in the underlying action by the plaintiffs therein.

WHEREFORE, Royal requests:

1.     That this Court take jurisdiction of this cause;

2.     That this Court find that this is a proper cause for an action of declaratory judgment and there is a bona fide controversy between the parties as to their legal rights, duties, status, and liabilities;

3.     That the process of this Court be issued to each of the defendants as provided by law and the rules of this Court and that they be required to plead and answer this complaint for declaratory judgment in the time required by law;

4.     That upon final hearing of this cause, this Honorable Court would declare the rights, duties, status and legal relations of Royal and all of the defendants under the policy issued by Royal;

5.     That upon a final hearing on this cause, this Honorable Court will order that no coverage is afforded to any persons or parties under this policy issued by Royal; and,

6.     Royal requests such other, further, and different relief to which it may be entitled, offers to do equity, and further requests that, if it be mistaken and any special relief sought is denied, then it requests such other, further, or more general relief to which it may be entitled.

Respectfully submitted,

_____
JOHN C.S. PIERCE (PIERJ0347)
MICHAEL A. MONTGOMERY (MONTM9362)

OF COUNSEL:

BUTLER, PAPPAS, WEIHMULLER
    KATZ CRAIG LLP
P. O. Box 161389
Mobile, Alabama 36616
Telephone: (251) 338-3801
Facsimile:  (251) 338-3805

**Plaintiff demands a trial by jury.**

_____
MICHAEL A. MONTGOMERY

PLEASE SERVE DEFENDANTS AS
FOLLOWS BY CERTIFIED MAIL:

Peoples Community Bank, Inc.
c/o Registered Agent
109 E. Church Street
Columbia, AL 36219

Larry Pitchford
109 E. Church Street
Columbia, AL 36219

Jerry Guledge
117 Collins Street
Eufaula, AL 36027-6050

9

Harris Leveson
151 Warren Road
Midway, AL 36053-4114

Harris Pest and Termite Control, Inc.|
151 Warren Road
Midway, AL 36053