IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY, § | | |
| as successor in interest to § | | |
| Globe Indemnity Company, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | CIVIL ACTION NUMBER |
| § | | |
| PEOPLES COMMUNITY BANK, § | | 2:05cv1127-F |
| INC.; LARRY PITCHFORD; § | | |
| JERRY GULLEDGE; HARRIS § | | |
| LEVESON; HARRIS PEST AND § | | |
| TERMITE CONTROL, INC., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HARRIS LEVESON
AND HARRIS PEST & TERMITE CONTROL'S MOTION TO DISMISS**

Come now Defendants Harris Leveson and Harris Pest & Termite Control, Inc., and in support of their previously filed motion to dismiss, state as follows:

**Statement of Facts and Procedural History**

1. Defendants Harris Leveson and Harris Pest and Termite Control, Inc. are Plaintiffs in an action filed in the Circuit Court of Barbour County, Alabama, Harris Leveson, et al v. Peoples Community Bank, et al, CV-04-67 ("the state court action"). The state court action began on February 20, 2004, when Leveson and Harris Pest and Termite Control filed suit against Peoples Community Bank, Jerry Gulledge and Larry Pitchford. (Doc. ID No. 1, Ex. A).

2. Royal & SunAlliance Insurance Agency, Inc. (hereinafter "Royal") issued a general liability insurance policy to Peoples Community Bank.  (Doc. ID No. 1, Ex. C).

3. On August 22, 2005, the state court action proceeded to trial.  On October 7, 2005, a judgment of $3,500,000 was entered in favor of Harris Leveson and Harris Pest & Termite Control and against Peoples Community Bank, Pitchford and Gulledge. (Doc. ID No. 1, Ex. B).

4. On October 7, 2005, Harris Leveson and Harris Pest & Termite Control filed for and obtained a writ of garnishment against Royal to satisfy the judgment in the state court action. (Exhibit A).  Royal was served with the garnishment on October 21, 2005.

5. On November 4, 2005, Royal filed a motion to dismiss the process of garnishment filed against it in the state court action. (Exhibit C).  Several of the grounds raised by Royal in its state court motion involved whether the policy covered or excluded claims raised in the state court action.

6. Royal failed to file an answer to the garnishment as required by Ala. Code, 1975 § 6-6-393.  On November 22, 2005, the trial court entered a conditional judgment against Royal.  (Exhibit B).

7. On November 28, 2005, Royal filed its complaint for declaratory judgment seeking an order from this Court that the

Royal policy does not provide coverage for the claims asserted in the state court action. (Doc. ID No. 1). The grounds for the declaratory judgment are the same as those raised by Royal in the garnishment proceedings in the state court action.

      8.   Royal asserted diversity of citizenship as its basis for federal jurisdiction. Royal is a corporation incorporated under the laws of North Carolina and its principal place of business is in North Carolina. Defendants Peoples Community Bank and Harris Pest & Termite are Alabama corporations. Defendants Larry Pitchford, Jerry Gulledge and Harris Leveson are all residents of Alabama. (Doc. ID No. 1).

## Argument

### I. This Court's Jurisdiction in this Action Is Discretionary, Not Mandatory.

Pursuant to the Declaratory Judgment Act, the Court's jurisdiction to hear this action is discretionary rather than mandatory. See 28 U.S.C. § 2201 ("[A]ny court of the United States may declare the rights and other legal relations of any interested party seeking such declaration"). As the Supreme Court has often reiterated:

> The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.... A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest.

Public Affairs Assocs. v. Rickover, 369 U.S. 111, 112 (1962). See also Wilton v. Seven Falls Co., 515 U.S. 277, 286-88 (1995). In other words, by the Declaratory Judgment Act, Congress "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." Wilton, 515 U.S. at 288. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 288.

The discretion given district courts in deciding whether to exercise jurisdiction over a declaratory judgment action is "substantial," and the court must decide "whether the questions in controversy between the parties to the federal suit... can better be settled in [a] proceeding pending in state court." Wilton, 515 U.S. at 286.

**II. This Court Should Decline to Exercise Jurisdiction in this Action Pursuant to Brillhart and Its Progeny.**

Federal district courts may use their discretion to dismiss declaratory actions when the controversy could be "better settled in the proceeding pending in state court." Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942). "Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with

the orderly and comprehensive disposition of a state court litigation should be avoided." Id. The Supreme Court has provided guidance for the district courts in using their discretion in this area. The Court in Wilton discussed several factors that could be considered by district courts in determining whether to entertain a declaratory action. The factors included the scope of the state court action, the nature of the defense, whether all claims can be satisfactorily adjudicated in the state court action, and whether all parties are joined. 515 U.S. at 283.

The Eleventh Circuit has recently discussed the principle of district court dismissals of declaratory relief actions in favor of parallel state court proceedings. In Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005), an insurance company brought a declaratory action in the Northern District of Alabama to determine its obligations pursuant to an insurance policy under which Roach was a beneficiary. A few weeks thereafter, Roach filed an action in state court against the insurance company, as well as additional parties, asserting claims of breach of contract and negligence. The district court dismissed the declaratory action citing the fact that the declaratory relief action addressed only a portion of the controversy encompassed by the state court action. Thus, the district court noted, to proceed with the declaratory action would result in the kind of "gratuitous interference"

against which the Supreme Court had warned in Brillhart and Wilton. 411 F.3d at 1332.

The Eleventh Circuit affirmed the district court's decision, stating that the district court had given "appropriate consideration to the primary factors existing here, including the traditional concepts of federalism, efficiency, and comity." Id. The Ameritas Court enumerated "factors for consideration to aid district courts in balancing state and federal interests," while providing a warning that "[o]ur list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in Brillhart and Wilton." 411 F.3d at 1331. The factors are: (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" - that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether

the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. 411 F.3d at 1331. Considering each of these nine factors from Ameritas, in turn, shows that this declaratory action should be dismissed.

### A. The State of Alabama Has a Strong Interest in Resolving this Dispute.

The first factor is the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts. Ameritas, 411 F.3d at 1331. The issues raised in the declaratory action are all issues of state law, and the State of Alabama has just as much of an interest in those issues as does the federal court. The strength of state interest factor weighs in support of dismissal.

### B. Any Judgment in this Action Would Not Completely Settle the Controversy Between the Parties

The second factor is whether a judgment in the federal declaratory action would settle the controversy. Ameritas, 411 F.3d at 1331. A judgment in this federal declaratory action would not completely settle the controversy between the parties because there are issues in the pending state court action which should be

heard. A more orderly and comprehensive disposition of the controversy can be accomplished in the state court action. A garnishment action involving coverage issues is a better forum for settling all of the issues between the parties.

### C. This Declaratory Judgment Action Would Not Serve Any Useful Purpose.

The third factor is whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue. Ameritas, 411 F.3d at 1331. The federal declaratory action cannot serve any more of a useful purpose in clarifying the legal relations at stake in this entire dispute than can the state courts. The state court is perfectly capable of addressing Royal's coverage issues, and as such, this declaratory action will not serve any useful purpose in clarifying the legal relations at issue. Indeed, a decision by the state court on the coverage issues would have res judicata effect on issues in this action. As such, the declaratory judgment action in federal court could serve no useful purpose. This Court could either reach the same conclusion as the state court, in which case the declaration would have been unnecessary and the federal litigation a waste of judicial resources, or this Court could disagree with the state court, resulting in inconsistent judgments. Thus, Royal's declaratory judgment action serves no useful purpose when the state court can adequately determine the validity of Royal's coverage issues.

No real value is served by the declaratory judgment except to guarantee to the declaratory plaintiff its choice of forum - a guarantee that can not be given consonant with the policy underlying the Declaratory Judgment Act. This factor weighs heavily against entertaining this declaratory action.

**D. Considerations of Forum Shopping and Procedural Fencing Favor Declining Jurisdiction.**

The fourth factor is whether the declaratory remedy is being used merely for the purpose of "procedural fencing" - that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable. Ameritas, 411 F.3d at 1331. It would be "uneconomical as well as vexatious" for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. The Mutual Life Ins. Co. of New York v. Adams, 972 F.Supp. 1386, 1390 (N.D. Ala. 1997). Royal attempts to invoke this Court's diversity jurisdiction to resolve coverage issues existing between Royal and Peoples Community Bank, Gulledge and Pitchford. The coverage issues present, however, are the subject of the existing state court action between Peoples Community Bank, Gulledge, Pitchford, Leveson, Harris Pest and Royal. The Alabama Supreme Court recently noted that coverage issues may be resolved in an aggrieved party's garnishment proceeding against an insurer. See Liberty Mutual Ins. Co. v. Wheelwright, 851 So.2d 466, 471 (Ala. 2002). Clearly, any

coverage issues will have to be resolved or addressed in the garnishment action against Royal in state court. The garnishment proceeding was filed prior to the present declaratory judgment action.

The <u>Wheelwright</u> case also resulted in an opinion written by United States District Judge Ira DeMent. In the opinion, Judge DeMent relied on 11th Circuit precedent and held as follows:

> [W]hatever may be said about the practical effect of the Declaratory Judgment Act, Congress intended for 28 U.S.C. § 1332(c)(1) to "prevent suit against an insurer in federal court when both the injured party and the insured were citizens of the same state" and "to reserve diversity jurisdiction for parties that are sufficiently foreign to have a legitimate fear of local prejudice."

<u>Wheelwright Trucking Co. v. Dorsey Trailers, Inc.</u>, 158 F.Supp.2d 1298, 1302 (M.D. Ala. 2001)(internal citation omitted), *quoting* <u>Bel-Bel Int'l Corp. v. Community Bank of Homestead</u>, 162 F.3d 1101, 1107 (11th Cir. 1998).

Peoples Community Bank, Gulledge, Pitchford, Leveson and Harris Pest are citizens of the State of Alabama for purposes of diversity jurisdiction in the garnishment proceeding. In <u>Wheelwright Trucking</u>, Judge DeMent noted that since a garnishment proceeding is a "direct action" against an insurer, the insurer and the insured are considered citizens of the same state for purposes of the garnishment proceeding if the insured is not a party to the garnishment. <u>Wheelwright Trucking Co.</u>, 158 F. Supp. 2d at 1301.

Under the <u>Wheelwright</u> analysis, Royal is to be considered an Alabama citizen along with Peoples Community Bank, Larry Pitchford, Jerry Gulledge, Harris Leveson and Harris Pest, and the garnishment proceeding would be nonremovable.  On the other hand, if Peoples Community Bank, Gulledge and Pitchford are considered co-defendants of Royal in the garnishment proceeding, diversity is still destroyed, since they are Alabama residents and Harris Leveson and Harris Pest are Alabama citizens.

Royal has filed this declaratory judgment action in an attempt to create jurisdiction in federal court notwithstanding the preexisting claims involving coverage in state court. The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court. <u>Adams</u>, 972 F. Supp. at 1390; <u>Angora Enterprises v. Condominium Ass'n</u>, 796 F.2d 384, 388 (11th Cir. 1986).  Royal's filing is an attempt to overcome Royal's obvious inability to remove the garnishment proceeding notwithstanding the stated purpose of the Declaratory Judgment Act as noted by this District and the 11th Circuit.

Another reason why the Court should dismiss the action is to discourage Royal's attempt at forum shopping. Declaratory judgment actions are not proper where, as here, use of declaratory judgment is merely to provide the insurer with a tactical advantage and force parties in the underlying action to litigate in the forum of the insurer's choosing.  When a party files a declaratory judgment

action for purposes of "procedural fencing," a court should exercise its discretion and dismiss the case. *See* Mission Insurance Co. v. Puritan Fashions Corp., 706 F.2d 599 (5th Cir. 1983); Franklin Life Insurance Co. v. Johnson, 157 F.2d 653, 656 (10th Cir. 1946); Shell Oil Co. v. Frusetta, 290 F.2d 689, 692 (9th Cir. 1961). Procedural fencing exists when a party in filing a declaratory action accomplishes something that the party could not do through removal. Declaratory judgment actions which are used to forum shop are to be actively discouraged and may be considered in review of a motion to dismiss any such declaratory action. Mission Insurance Co. v. Puritan Fashions Corp., 706 F.2d 599, 602 (5th Cir. 1983). Royal has misused the Declaratory Judgment Act in attempting to accomplish a backdoor removal. This factor weighs strongly in favor of dismissal.

**E.   Allowing this Declaratory Action Would Cause Friction Between State and Federal Courts and Encroach on State Jurisdiction.**

The fifth factor is whether the declaratory action would increase the friction between the federal and state courts and improperly encroach on state jurisdiction. Ameritas, 411 F.3d at 1331. The Circuit Court of Barbour County has had jurisdiction over the state court action since it was filed in February of 2004. Because this Court and the state court may come to different conclusions on the issues raised in the Declaratory Judgment Complaint, allowing this action would cause friction between state

12

and federal courts, and cause confusing problems of scheduling, orderly presentation of fact issues and res judicata. Thus the interests of comity and federalism require dismissal.

    **F.    The State Litigation Presents a Better and More Effective Remedy.**

The sixth factor is whether there is an alternative remedy that is better or more effective. <u>Ameritas</u>, 411 F.3d at 1331. There is an alternative remedy, the pending state court action, that would be more effective at resolving all issues at stake. This factor weighs in support of dismissal.

    **G.    The Strong Factual Overlap Between this Action and the Underlying State Case Weighs in Favor of Declining Jurisdiction.**

The seventh factor is whether the underlying factual issues are important to an informed resolution of the case. The eighth factor, which is related to the seventh factor, is whether the state trial court is in a better position to evaluate those factual issues than is the federal court. <u>Ameritas</u>, 411 F.3d at 1331. The three days of testimony and the approximately 200 exhibits already considered by the state trial court clearly place the state court in a better position to evaluate coverage issues. Indeed, all of Royal's claims based on various policy exclusions rely on facts that have already been litigated in the state court action. This factor weighs in favor of dismissal.

**H. There Are No Federal Common or Statutory Law Considerations.**

The final factor is whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy or whether federal common or statutory law dictates a resolution of the declaratory judgment action. <u>Ameritas</u>, 411 F.3d at 1331. There is nothing in the federal common law which dictates a resolution of the legal issues presented. The resolution of these issues, the interpretation of a contract, necessarily implicates state law. Additionally, the state remedy is substantially the same as the remedy sought in federal court, therefore, this Court may decline to issue declaratory relief.

The nine factors from <u>Ameritas</u> show that this declaratory action should be dismissed.

**III. Other Courts Have Dismissed Similar Declaratory Judgment Actions.**

<u>Brillhart</u> involved a declaratory judgment action brought by an insurer against its insureds concerning coverage issues triggered by an underlying state court action. Various federal district courts of Alabama have routinely invoked their discretion under the Declaratory Judgment Act to dismiss declaratory actions under circumstances where a state proceeding involves the same or some of the same parties and raises similar or parallel legal or factual issues. See, e.g., <u>St. Paul Fire & Marine Insurance Co. V. Johnson Homes of Meridian, Inc.</u>, 2005 WL 2739141 (Oct. 24, 2005, S.D. Ala);

14

Mutual Life Insurance Co. of New York v. Adams, 972 F.Supp. 1386 (N.D. Ala. 1997); MacMillan-Bloedel, Inc. v. Fireman's Insurance Co. of Newark, 558 F.Supp. 596 (S.D. Ala. 1983); American General Finance Center v. Baldwin, 907 F.Supp. 361 (M.D. Ala. 1995); Universal Underwriters Service Corp. v. Nelson, 953 F.Supp. 385 (M.D. Ala. 1996); United States Fidelity & Guaranty Co. v. Algernon-Blair, Inc., 705 F.Supp. 1507 (M.D. Ala. 1988).

**Conclusion**

In the interests of economy to both of the courts and to the parties, in the interest of avoiding litigation in two forums with potentially conflicting outcomes and in the interest of avoiding intruding on a state court's exercise of jurisdiction over matters of state law, this Court should dismiss this action in its entirety.

Respectfully submitted,

/s/ Ted Taylor
State Bar No. ASB-6435-L75E


/s/ Leah O. Taylor
State Bar No. ASB-9871-A57L

ATTORNEYS FOR DEFENDANTS


OF COUNSEL:

TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800
taylorlaw9@aol.com (e-mail)
lotaylor@taylorlawyers.com (e-mail)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed this Motion to Dismiss so that service will be sent by the ECMF System via electronic mail to:

John Charles S. Pierce, Esq.
jpierce@butlerpappas.com

Michael Andrew Montgomery, Esq.
mmontgomery@butlerpappas.com

Christopher M. Mims, Esq.
cmm@ffmlaw.com

James D. Farmer, Esq.
jdf@ffmlaw.com

Gerald P. Gillespy, Esq.
gillespy@burr.com

Jason A. Walters, Esq.
jwalters@burr.com


on this the 27th day of December, 2005.


                                      /s/ Leah O. Taylor
                                      Of Counsel