IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERITAS VARIABLE LIFE INSURANCE COMPANY, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | } Case No.: CV 04-P-2637-S |
| SUSAN L. ROACH, | }<br>}<br>} |
| Defendant. | } |

**MEMORANDUM OPINION**

The court has before it Defendant Susan L. Roach's Motion to Dismiss (Doc. #3) filed on October 12, 2004. Plaintiff Ameritas Variable Life Insurance Company ("Ameritas") filed its opposition (Doc. #5) on November 3, 2004. Roach filed her reply (Doc. #6) on November 17, 2004. The court set the case for its December 20, 2004 motion docket, heard oral argument, and allowed the parties additional time to provide supplemental briefing. On December 22, 2004, Defendant Roach filed an Alternative Motion to Stay Proceedings and Brief Memorandum of Law in Support Thereof. (Doc. #9). On December 23, 2004, Ameritas filed its Supplemental Brief in Opposition to Defendant's Motion to Dismiss. (Doc. #10). The court has carefully reviewed all of the written materials filed by the parties.

Defendant Roach is a widow seeking to recover death benefits under her deceased husband's life insurance policy with Ameritas. Ameritas filed this declaratory judgment action seeking a determination as to its rights and obligations to Roach under the policy. Parallel state court proceedings are pending in the Circuit Court of Jefferson County before Judge T. M. Smallwood, Jr. The state court lawsuit was filed after the declaratory judgment action. The question before the court is whether it should exercise its discretion to allow this declaratory judgment action to proceed. As explained below, the court determines

in its discretion, that the Circuit Court of Jefferson County is the more appropriate forum to hear the parties' complete controversy. Accordingly, Defendant's Motion to Dismiss is due to be granted.

The Declaratory Judgment Act is an authorization, not a command. *Wilton v. Seven Falls*, 515 U.S. 277, 288 (1995). It gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). Among other reasons, a court may deny declaratory relief because there exists a pending state court proceeding in which the matters in controversy between the parties may be fully litigated. *Mutual Life Ins. Co. v. Adams*, 972 F. Supp. 1386, 1389 (N.D. Ala. 1997).

Several different factors support the court's conclusion that Jefferson County's Circuit Court is the better venue for the parties to litigate this controversy. First, Judge Smallwood already has the complete controversy before him. This court, on the other hand, has an incomplete set of parties and claims before it. Defendant Roach would have to voluntarily choose to bring in two other litigants (as third party defendants) for this case to mirror the state court proceedings. Significantly, neither the court nor Ameritas can force Defendant Roach to litigate her third-party claims in this action. Therefore, while theoretically the court may be capable of hearing all claims against all parties, pragmatically it cannot entirely control the scope of the case and number of litigants before it.

Second, Defendant professes to have substantial concerns about the court's ability to even appropriately exercise supplemental jurisdiction over the non-diverse third-party litigants. One judge in this district has ruled that joinder of other non-diverse parties by a defendant would destroy diversity jurisdiction and ultimately declined to entertain a declaratory judgment action for that and other reasons. *See Mutual Life Ins. Co.*, 972 F. Supp at 1391. Plaintiff has cited several decisions by other courts of appeals which came to the opposite conclusion. However, as Defendant points out, those cases are non-

binding persuasive authority and the issue remains an open question in the Eleventh Circuit and the Supreme Court of the United States. This court would be inclined to rule that such a joinder would be appropriate. But, again, the issue is moot because here Defendant has attempted no such joinder and this court will not require it.[1]

Finally, the court is persuaded that allowing this case to proceed would amount to unnecessary and inappropriate "[g]ratuitous interference" with the more encompassing and currently pending[2] state court litigation. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (evaluating and ultimately upholding decision to stay Declaratory Judgment Act action under abuse of discretion standard) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).

Therefore, based upon the rationale set forth above and in the overall interests of judicial economy and avoidance of duplicative and/or piecemeal litigation, the court, in its discretion, declines to exercise jurisdiction over this case. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ___3rd___ day of January, 2005.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[1] One of the reasons for this is the possibility that the Eleventh Circuit could reject the Fourth Circuit's reasoning and agree with Judge Guin's diversity analysis in *Adams*. If that were to occur, any third-party judgment obtained by Defendant would be for naught. The potential third-party defendants are already parties in the state court action; therefore, the court agrees with Defendant that there is no reason to add third-party defendants here, race to judgment in this case, and run the risk that any such judgment would be void for jurisdictional reasons.

[2] As noted earlier, the court recognizes that the state court action was filed after this case. Although in some cases that is an appropriate point to consider in determining whether to continue to exercise jurisdiction over a declaratory judgment action, the court does not believe it is a significant factor here.