IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, as successor in interest to Globe Indemnity Company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:05CV1127-B ) ) |
| PEOPLES COMMUNITY BANK, INC., et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS PEOPLES COMMUNITY BANK, INC.,
LARRY PITCHFORD AND JERRY GULLEDGE'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, MOTION TO ABSTAIN**

Defendants Peoples Community Bank, Inc. ("Peoples" or the "Bank"),[1] Larry Pitchford and Jerry Gulledge (collectively, the "PCB Defendants"), without waiver of any other defense to this action or claim against any party, move the Court to Dismiss this declaratory judgment action or, in the alternative, to abstain from exercising jurisdiction over this action in deference to the proceedings pending in the Barbour County, Alabama Circuit Court. As grounds, the PCB Defendants submit the following:

I.   THE UNDERLYING FACTS AND PROCEEDINGS

1.   The present case arose from proceedings initiated in the Barbour County, Alabama Circuit Court by Harris Leveson ("Leveson") and Harris Pest and Termite Control, Inc. ("Harris") against the PCB Defendants styled *Harris Leveson, et al. v. Peoples Community Bank, Inc., et al.*, Case No. CV-04-67 (the "State Court Case").

---

[1] Peoples Community Bank is now known as PeoplesSouth Bank. However, for purposes of clarity, the Bank will be referred to in this Motion as Peoples Community Bank.

1422711

2. Royal Indemnity Company ("Royal"), as successor in interest to Globe Indemnity Company, issued an insurance policy (the "Policy") to Peoples that covered the claims asserted in the State Court Case. (Complaint, ¶ 11). The PCB Defendants notified Royal of the State Court Case in accordance with the terms and conditions of the Policy and communicated with Royal during the State Court Case. Prior to trial, Leveson and Harris demanded that the PCB Defendants settle the State Court Case within policy limits, and the PCB Defendants demanded that Royal settle the case by payment of the limits of coverage available under the Policy. Royal never authorized the PCB Defendants to settle the case within Policy Limits.

3. Judge L. Bernard Smithart tried the State Court Case non-jury for three (3) days beginning on August 22, 2005. He signed and entered a final judgment on October 7, 2005 awarding $2,500,000 in compensatory damages and $1,000,000 in punitive damages to Leveson and Harris against the PCB Defendants.

4. Leveson and Harris instituted garnishment proceedings on October 7, 2005 in the State Court Case against Royal to recover under Peoples' insurance coverage. Royal and the PCB Defendants were served with copies of the Process of Garnishment. (Process of Garnishment, Exhibit "A"; Certified Envelopes that contained Process of Garnishment served upon PCB Defendants, Exhibit "B"). Royal did not answer, but instead filed a Motion to Dismiss the Process of Garnishment in the State Court Case on or about November 18, 2005 and filed the present declaratory judgment action on November 28, 2005. (Motion to Dismiss, Exhibit "C"). On November 22, 2005, Judge Smithart signed and entered a Conditional Judgment in the garnishment proceedings. (Exhibit "D"). Royal then filed a Motion to Alter, Amend and Vacate the

Conditional Judgment and Motion to Dismiss and/or Quash on December 21, 2005. (Exhibit "E"). On December 28, 2005, Judge Smithart entered a final judgment against Royal in the garnishment proceeding. (Exhibit "F").

## II.     ARGUMENT

### A.     Abstention Standard

The present declaratory judgment action was brought pursuant to 27 U.S.C. § 2201, *et seq.* (the "Declaratory Judgment Act"). Congress provided in the Declaratory Judgment Act that federal courts "**may** declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). This permissive, rather than mandatory, language has compelled the United States Supreme Court to note that a district court has discretion to stay or dismiss a declaratory judgment. *Employer's Reinsurance Corp. v. Dillon*, 179 F. Supp. 2d 1371, 1373 (M.D. Ala. 2001); *Wilton*, 515 U.S. at 288.

Laying the foundation for the current analysis in a case factually similar to the present one, the United States Supreme Court warned in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) that:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided.

*Brillhart*, 316 U.S. at 495; *see also Employer's Reinsurance Corp.*, 179 F. Supp. 2d at 1373 (noting that the Eleventh Circuit considered the existence of ongoing state court

proceedings as "the most potent factor" in determining how to proceed in a declaratory judgment action).

*Brillhart* was initiated as a federal declaratory judgment action filed by a re-insurer against the plaintiff in an underlying state court lawsuit to determine coverage. *Brillhart*, 316 U.S. at 492. The underlying defendant (the insured) and primary insurer had filed liquidation proceedings and bankruptcy, relieving themselves of the state court judgment. Next in line was the re-insurer, who filed the declaratory judgment action in federal district court seeking a declaration that its reinsurance agreement afforded no coverage to the state court plaintiff. After the federal declaratory judgment action was filed, the plaintiff added the re-insurer to the garnishment proceedings already pending in state court against the primary insurer. *Id*. at 492-93. The state court plaintiff then filed a motion to dismiss the federal declaratory judgment action, which the district court granted. But in granting the motion to dismiss, the district court did not consider whether the claims raised by the re-insurer in federal court could be asserted in the state court garnishment proceeding. *Id*. at 493-94. The Tenth Circuit Court of Appeals reversed on grounds that the district court had abused its discretion. *Id*. at 494. But instead of remanding the case for a determination of whether the district court should exercise jurisdiction, the court of appeals instructed the district court to proceed on the merits.

The United States Supreme Court reversed the court of appeals' decision and held that the case should have been remanded to the district court for a determination of whether it should proceed in light of the parallel state court garnishment proceedings. *Id.* at 494-95. Although the Supreme Court left the decision to the district court's

discretion, it warned that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided" and that as a general rule "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues." *Brillhart*, 316 U.S. at 495.

After *Brillhart*, the Supreme Court decided *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976) and *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983) in which it adopted the "exceptional circumstances" test. Under the "exceptional circumstances" test, district courts had to "point to 'exceptional circumstances' to justify staying or dismissing federal proceedings." *Wilton*, 515 U.S. at 281. The circuits were split in utilizing the "discretionary" standard and the "exceptional circumstances" test in declaratory judgment actions. *Id.* at 281-82.

In 1995 the Supreme Court settled this issue once and for all in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). In *Wilton*, the insured, the Hill Group, was involved in a dispute over ownership of oil and gas properties and demanded that its insurer, London Underwriters, provide them with coverage. *Wilton*, 515 U.S. at 279. London Underwriters refused. Ultimately, a $100 million verdict was entered against the Hill Group in Texas state court. *Id.* London Underwriters then filed a declaratory judgment action against the Hill Group in federal court to determine coverage issues. *Id.* at 279-80. After the declaratory judgment action was filed, the Hill Group sued London Underwriters in state court for failure to provide coverage. *Id.* at 280. The Hill Group's codefendants in the underlying state action joined in the suit and asserted claims against resident insurers, rendering the case non-removable. *Id.* The Hill Group then

moved to dismiss or stay the federal action in deference to the state proceedings. *Id*. at 280. The district court granted the motion and stayed the federal action on grounds that the state action involved the same coverage issues. *Id*. at 280. On appeal, the Fifth Circuit affirmed the lower court's decision under the *Brillhart* "discretionary" standard, citing the need to avoid duplicative proceedings and to prevent forum shopping. *Id*. at 281. In its appeal to the Supreme Court, London Underwriters argued that the court of appeals should have applied the "exceptional circumstances" test. The Supreme Court rejected the insurer's argument and held that the "discretionary" standard should apply, thus reaffirming the Court's previous decision in *Brillhart*. *Id*. at 288-90. The Court then concluded that "the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." *Id*. at 290.

It is important to note that in both *Wilton* and *Brillhart*, the state proceedings were instituted *after* the federal action was filed. Here, on the other hand, the garnishment proceedings against Royal were instituted *before* Royal sought relief in federal court. If, as the Supreme Court found, abstention was proper when the federal declaratory judgment action was filed before the state court action, abstention should certainly be proper when the declaratory judgment action was filed *after* the state court action.

    B.    **Eleventh Circuit Abstention Factors**

The Eleventh Circuit recently expounded upon *Brillhart* and *Wilton* in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F. 3d 1328 (11th Cir. 2005). In *Ameritas*, Mr. Roach held a life insurance policy that had been assumed by the insurer, Ameritas Variable Life Insurance Company ("Ameritas"). *Id*. at 1329. After Mr. Roach committed suicide, Mrs. Roach, the policy beneficiary, sought payment of the policy proceeds from

Ameritas. Instead of remitting the proceeds, Ameritas filed a federal declaratory judgment action against Roach seeking a declaration of no coverage. *Id.* at 1329-30. Over one month later, Mrs. Roach filed a state court action against Ameritas, the insurance agency and the agent who had sold the policy based upon breach of contract and negligence. She then filed in federal court a motion to dismiss the declaratory judgment action. *Id.* at 1330. Judge Proctor of the Northern District of Alabama dismissed the federal action under abstention principles in deference to the state court proceedings. *Ameritas*, 411 F.3d at 1330.

On appeal, the Eleventh Circuit repeated the Supreme Court's warnings in *Brillhart* that federal courts should not interfere with state court proceedings and noted that those warnings "should be heeded." *Id.* at 1330-32. Affirming Judge Proctor, the Eleventh Circuit: (1) noted that the state court action encompassed the entire controversy including all parties and claims, and (2) agreed with Judge Proctor that "to allow the declaratory action to proceed would amount to the unnecessary and inappropriate 'gratuitous interference' with the more encompassing and currently pending state court action that was contemplated by the Supreme Court in *Brillhart* and *Wilton*." *Id.* at 1332.

The *Ameritas* court set forth the following factors that district courts in this Circuit should consider in deciding whether to entertain a federal declaratory judgment action when parallel state court proceedings are ongoing:

(1)  the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2)  whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" -- that is, [a] to provide an arena for a race for *res judicata* or [b] to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331. Under these factors, the Court here should abstain from hearing Royal's declaratory judgment action.

### 1. Strength of State Interest

The State of Alabama undoubtedly has a strong interest in the orderly disposition of lawsuits between its own citizens. That interest extends to determining whether its citizens are covered by policies of insurance that are directly regulated by the state. Moreover, the Alabama legislature expressly designed garnishment proceedings to encompass coverage issues so that plaintiffs can recover directly from insurers. The state would not have created such proceedings if it did not have a compelling interest in accommodating the very type of litigation that Royal is seeking to duplicate in federal court.

## 2. Settlement of the Controversy

The state court is a better forum for settling all issues between the parties, especially where a garnishment proceeding is already underway that encompasses the same coverage issues sought to be litigated in the federal action. Royal has raised coverage issues and questions concerning which insurer should provide coverage in the pending state court garnishment action.[2] Under the garnishment statutes, insureds have the right to contest the garnishment answers of insurers, including any claim that there is no coverage. *See* Ala. Code § 6-6-459 (1975). Before final judgment was entered in the garnishment proceedings, the coverage question was squarely before the state court and involved both Royal and another insurer, Progressive Insurance Company. Progressive is not a party to the present action, which precludes this Court from disposing of the entire controversy. In the State Court Case, however, both Royal and Progressive had an opportunity to file an answer and the court was able to dispose of the entire case at once without the expense of piecemeal litigation and the risk of inconsistent results. This Court is simply not in the position to adjudicate all the claims against all the parties and, even if it were, the issues advanced by Royal have already been decided in state court, rendering further litigation in the present forum duplicative and unnecessary.

---

[2] *See United States Fidelity and Guar. Co. v. Algernon-Blair, Inc.*, 705 F. Supp. 1507, 1515 (M.D. Ala. 1988) (noting that "the relevant determinant is not whether the state court litigation involves the identical issues *in form* as the federal action, but rather whether the substance of the federally pleaded issues will be resolved in state court"); *see also Liberty Mut. Ins. Co. v. Wheelwright Trucking Co., Inc.*, 851 So. 2d 466, 471 (Ala. 2002) (federal court stayed declaratory judgment action in deference to Barbour County Circuit Court garnishment action where issue in garnishment proceedings was coverage determination).

### 3.     Purpose of Declaratory Judgment Action

Royal's intent in filing the present action is clear. Being unable to remove the garnishment proceedings (as explained below), Royal has attempted to forum shop the coverage issues from state court to federal court. There are no federally pleaded issues and no other compelling reasons to file this parallel action in federal court. This leads directly to the next factor.

### 4.     Procedural Fencing

In filing the present action, Royal is doing nothing more than engaging in procedural fencing by trying to realign the parties and obtain a second bite at the apple by requesting this Court to decide the same issues that have already been litigated in state court. It is important to remember that Royal actually invoked the coverage issues in its motion to dismiss the garnishment proceedings prior to filing the present declaratory judgment action. (Motion to Dismiss, ¶ 6, Exhbit "C"). Royal specifically argued that the garnishment should be dismissed because "there is no coverage afforded under the Royal policy for the underlying judgment." (*Id.*) Ten days later, Royal filed the present action and asked this Court to decide the exact same issue.

Royal was also faced with Judge DeMent's previous observations that "[t]he diversity statute is strictly construed" and "[t]he removability of a garnishment is an open question." See *Wheelwright Trucking Co.*, 158 F. Supp. 2d at 1300-01. Judge DeMent went on to point out that since a garnishment proceeding is a "direct action" against an insurer, the insurer and the insured are considered citizens of the same state for purposes of the garnishment proceeding if the insured is not a party to the garnishment. *Id.* at 1301. As a result, Royal cannot remove the State Court Case because the PCB defendants are Alabama citizens, which is why Royal has attempted to recreate federal

jurisdiction by filing the present action in federal court. (*See* Complaint, ¶ 2, noting that Peoples is an Alabama corporation.) Such back door litigation is contrary to the well-established principles of abstention and judicial economy.

### 5. Friction Between Courts and Encroachment on State Jurisdiction

*Brillhart* established that federal interference in state court jurisdiction is "vexatious." In the present case, the state court has been exercising its jurisdiction over the State Court Case since it was filed in February, 2004, and it has already asserted its jurisdiction over the garnishment proceedings by entering a Judgment against Royal. Inherent in Royal's Complaint is a request that this Court tell the trial court that the final judgment it entered in the garnishment proceeding is defective. If the validity of the state court judgment is to be questioned, it should be in the state appellate process, not in a federal declaratory judgment action. Royal can point to no authority in support of such a collateral attack. Pursuant to *Brillhart* and its progeny, this Court should not engage in gratuitous interference with the Barbour County Circuit Court's jurisdiction or the jurisdiction of the Alabama Supreme Court by interfering with the "orderly and comprehensive disposition" of the coverage issues in the state court garnishment proceedings.

### 6. Better Alternative Remedy

The state court garnishment proceedings are the better alternative remedy as they were pending prior to the filing of the declaratory judgment action and concern state law coverage issues.

### 7. Importance of Underlying Factual Issues

Among others, Royal raises the following coverage issues in its Complaint: the definitions of "bodily injury," "occurrence," and "property damage;" exclusions for expected injury and contractual liability; coverage for personal advertising injury; the professional services exclusion, and others. (Complaint, pp. 4-6). The underlying factual issues, tried *ore tenus* before Judge Smithart, will play a role in every coverage issue raised by Royal.

### 8. Evaluation of Factual Issues

The trial court is inherently familiar with the facts of the underlying case, and this knowledge will come into play in determining each and every issue regarding coverage. This Court, on the other hand, would have to learn the case anew and may be asked to second guess the trial court in analyzing issues of fact, particularly where the award of damages and allocation of loss is concerned. In fact, Royal concedes as much in its Motion to Dismiss.

### 9. State Law and Federal Common or Statutory Law

A cursory review of the Complaint reveals that this action involves primarily matters of state law contract interpretation, as well as the interpretation, application and enforcement of Alabama garnishment statutes. The state court is well equipped to handle the interpretation of its own laws. *See Employer's Reinsurance Corp.*, 179 F. Supp. 2d at 1374 (noting that "[a] federal court has no particular expertise in matters of contract interpretation that is lacking in its state counterparts"). Finally, if the coverage issues raised by Royal are ultimately appealed, they would be better decided through the state appeals process rather than through a federal appeal. The foregoing factors

clearly dictate that this Court should not exercise its jurisdiction over the issues asserted in the declaratory judgment action.

    **C.**    **Other Abstention Authority**

On October 24, 2005, Magistrate Judge Cassady of the Southern District of Alabama issued an opinion in *St. Paul Fire & Marine Ins. Co. v. Johnson Homes of Meridian, Inc.*, 2005 WL 2739141 (S. D. Ala. 2005).[3] In that case the judgment creditor, Michelle Hampton, obtained an arbitration award against the insured, Johnson Mobile Homes, Inc. ("Johnson Homes"), that was affirmed by the Choctaw County Circuit Court. *Id.* at *1-2. Ms. Hampton then filed a garnishment against the insurer, St. Paul Fire & Marine Company ("St. Paul"), and St. Paul filed a motion to dismiss contending that Ms. Hampton should have filed a separate action against it and Johnson Homes. *Id.* at *2. The state court denied the motion to dismiss and St. Paul filed a petition for writ of mandamus with the Alabama Supreme Court, which was denied. *Id.* Ms. Hampton then filed a motion to lift the stay on the garnishment proceeding that the trial court had entered while the case was being appealed, and St. Paul opposed the motion on the grounds that it was going to file a declaratory judgment action. *Id.* The state court lifted the stay. *Id.* St. Paul then filed a motion to vacate the lift of stay in state court and filed a federal declaratory judgment action against Ms. Hampton and Johnson Homes. *Id.* at *3.

After discussing *Wilton* and *Brillhart* at length, Judge Cassady noted that, like the present case, "*Brillhart* is virtually identical to this action except for the fact that Hampton named St. Paul as the garnishee/defendant in the ancillary garnishment

---

[3] The parties agreed to allow Judge Cassady to conduct any and all proceedings. *St. Paul Fire & Marine Ins. Co.*, 2005 WL 2739141, at *1.

proceeding, rather than adding it as a defendant." *Id.* at *8. Granting Hampton's motion to abstain from proceeding and dismissing the declaratory judgment action, Judge Cassady stated:

> The coverage issue, which is the focus of the instant declaratory judgment action, is clearly a defense available to St. Paul in the ancillary garnishment proceeding which has been the subject of litigation between it and Ms. Hampton in the state courts of Alabama since August of 2004. Alabama courts, which decided unanimously that a writ of garnishment is the proper procedural vehicle for Ms. Hampton to attempt to satisfy her judgment against Johnson Homes, have a particularly strong interest in deciding the Alabama contract issues raised in the federal declaratory action in the state courts given their collective decisions on the procedural vehicle question and the length of their association with the facts surrounding the underlying action against Johnson Homes. Certainly, the instant action would not serve to clarify the legal relations at issue in a manner that cannot also be accomplished in the state courts of Alabama. Rather, as indicated in *Brillhart*, where, as here, there is pending in state court another suit involving the same relevant parties and presenting the opportunity for ventilation of the same state law issues it would be sheer gratuitous interference by this Court to allow the declaratory judgment action to proceed. Stated differently, this Court finds that allowing the instant declaratory judgment action to proceed would increase the friction between federal and state courts and improperly encroach on state jurisdiction. It is imperative that this Court not race the state courts to *res judicata*, at the behest of St. Paul, given that this case involves the application of state law and is best decided by the state courts of Alabama.

*St. Paul Fire & Marine Ins. Co.*, 2005 WL 2739141, at *9; *see also Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872 (8th Cir. 2000) (holding that district court abused its discretion in failing to dismiss declaratory judgment action where bench trial resulted in state court judgment, state Petition to Collect Insurance had been filed and issues involved Missouri state law); *Star Ins. Co. v. Elk Food Centers, Inc.*, 2000 WL 1196155 (S.D. Ala. 2000) (dismissing federal declaratory judgment action where coverage issues

were pending in state declaratory judgment action and "many of the issues involved in this case are similar or identical to the factual and legal issues in question in the underlying" state court lawsuit). In light of the foregoing authority, this Court should abstain from the present case and let the coverage issues already raised in the State Court Case be litigated in that forum without requiring the parties to conduct duplicative, parallel litigation.

### D. Abatement

In addition to *Brillhart*, *Wilton*, *Ameritas Variable Life Ins. Co.* and *St. Paul Fire & Marine Ins. Co.*, Alabama's abatement statute dictates that this Court should dismiss this declaratory judgment action:

> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and **the pendency of the former is a good defense to the latter if commenced at different times.**

Ala. Code § 6-5-440 (1975) (emphasis added). The phrase "courts of this state" includes all federal courts located in Alabama. *Ex parte The University of South Alabama Foundation*, 788 So. 2d 161, 164 (Ala. 2000). A defendant with a compulsory counterclaim in the first action is considered a "plaintiff" in that action at the time of its commencement for purposes of Alabama Code § 6-5-440. *Ex parte The University of South Alabama Foundation*, 788 So. 2d at 164. The Alabama Supreme Court explained the principle of abatement as follows:

> The first court seized of the issues involved, if identical, whether by action for declaration, or other judgment, must be permitted to retain jurisdiction of the case. ... [J]urisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory judgment action

> another action *or proceeding* to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action.

*Ex parte Moore*, 382 So. 2d 548, 550 (Ala. 1980) (emphasis added).

Here, the state court is clearly seized of the issues involved and has already entered a judgment on the garnishment against Royal, which decided the very issues that Royal sought to bring before this Court. Because the State Court Case involved the same parties as the present action and adjudicated the same issues involved here, this Court should find that Royal's declaratory judgment action is abated and grant the PCB Defendants' motion to dismiss.

## III.   CONCLUSION

For the foregoing reasons, Royal's declaratory judgment action is due to be dismissed.

**WHEREFORE**, the PCB Defendants, without waiver of any other defense to this action or claim against any party, move the Court to dismiss this declaratory judgment action or, in the alternative, to abstain from exercising jurisdiction over this action in deference to the proceedings pending in Barbour County, Alabama Circuit Court.

                               s/Jason A. Walters
                               Gerald P. Gillespy (GILLG3726)
                               Jason A. Walters (WALT8747)
                               BURR & FORMAN LLP
                               3100 Wachovia Tower
                               420 North Twentieth Street
                               Birmingham, Alabama 35203
                               Telephone: (205) 251-3000

       James D. Farmer
       Christopher Max Mims
       FARMER, FARMER & MALONE, P.A.
       112 West Troy Street
       Post Office Drawer 668
       Dothan, Alabama  36302
       Telephone:  (205) 794-8596

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 3rd day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing to the following:

       John C. S. Pierce, Esq.
       jpierce@butlerpappas.com

       Michael A. Montgomery, Esq.
       mmontgomery@butlerpappas.com

       E. Ted Taylor
       taylorlaw9@aol.com

       Leah O. Taylor
       lotaylor@taylorlawyers.com


       s/Jason A. Walters
       OF COUNSEL