**EXHIBIT C**

# IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## EUFAULA DIVISION

| | | |
|---|---|---|
| HARRIS LEVESON, an individual, <br> HARRIS PEST & TERMITE CONTROL, <br> et al., | ) <br> ) <br> ) | |
| Plaintiffs | ) | |
| v. | ) | Civil Action No.: CV-04-67 |
| PEOPLES COMMUNITY BANK, a corporation; LARRY PITCHFORD, an individual; JERRY GULLEDGE, an individual, | ) <br> ) <br> ) <br> ) | |
| Defendants | | |

## MOTION TO DISMISS

Garnishee Royal Indemnity Co., as successor in interest to Globe Indemnity Co. ("Royal") moves this Court to dismiss Plaintiffs' Process of Garnishment. In support of this motion, Garnishee states as follows:

1.  On October 7, 2005, following a bench trial, an Order ("Order") was entered awarding to Plaintiffs $2.5 million in compensatory damages and $1 million in punitive damages against People Community Bank ("Peoples") as well as the Bank's officers, Larry Pitchford ("Pitchford") and Jerry Gulledge ("Gulledge"). This judgment arises from allegations that stem from a business transactions between the plaintiffs and the defendants on or around September, 2003.

2.  On the very same day the Order was filed, Plaintiffs filed a Process of Garnishment against Royal. (Exhibit "A")

3.  On December 28, 2002, Royal Indemnity Co., as successor in interest to Globe Indemnity Co., issued a Commercial General Liability Policy to Peoples Community

Bancshares, Inc. under policy number SV065375. A copy of the Policy is attached as Exhibit "B." The Policy provided coverage from December 28, 2002 until December 28, 2003, and contains various exclusions, including professional services exclusions.

4. First and foremost, the garnishment is due to be dismissed as its filing was premature under Alabama Code §27-23-2 (1975). This provision only applies to final judgments. There is no final judgment in this case. Post-trial motions have been filed. This code section entitles certain judgment creditors to collect "insurance money provided for in the contract of insurance . . . If the judgment is not satisfied within 30 days after the date when it is entered." ALA. CODE §27-23-2 (1975). In Insurance Company of North America v. Davis, 150 So.2d 192 (Ala. 1963), the Supreme Court of Alabama interpreted this language, stating, "if the judgment is left unsatisfied after the expiration of thirty days, the judgment creditor, should he so desire, may proceed in equity against the defendant and the insurance company to collect the judgment." Id. at 194 (interpreting §27-23-2 as previously codified under §12, Title 28, code of Alabama 1940). So, even if the statute applied to this Policy, since Plaintiffs prematurely filed their garnishment action on the same date as this Court's Order, Plaintiffs' garnishment action against Royal is due to be dismissed. ALA. CODE §27-23-2 (1975).

5. Second, even if Plaintiffs' Process of Garnishment were proper under §27-23-2, it is due to be dismissed because it does not name Defendants as necessary garnishees. Under Alabama Code §27-23-2, "the judgment creditor may proceed against the defendant AND the insurer to reach and apply the insurance money to the satisfaction of the judgment." ALA. CODE §27-23-2 (1975) (emphasis added). This language provides "that the insured is a necessary party" and the garnishment "proceedings must be brought

against the defendant in the action at law and the insurance company, as joint respondents." Davis, 150 So.2d at 194. Since Defendants are not identified as additional garnishees in the Process of Garnishment, Plaintiff's garnishment proceeding is due to be dismissed by this Court.

6.  Third, this garnishment is due to be dismissed as there is no coverage afforded under the Royal policy for the underlying judgment. The allegations of the underlying lawsuit do not meet the definitions of "bodily injury", "occurrence" or "property damage." Ala. Code §27-23-1 (1975), which is one of the grounds upon which plaintiff herein bases his garnishment action, applies only to insurance policies under which a person or entity "is insured against loss or damage on account of bodily injury or death by accident of any person for which loss or damage such insured is responsible . . . ." Further, under Alabama Code §27-23-2, a judgment creditor may proceed against *both* the defendant and its insurer where there is a final judgment "for loss or damage . . . if the defendant in such action was insured against the loss or damage at the time when the right of action occurred . . . ." The Royal policy at issue eliminates the type of coverage contemplated by these statutes. Therefore, the plaintiffs' have no right to bring a garnishment action against Royal.

7.  For the foregoing reasons, Royal respectfully requests this Court to dismiss the Plaintiffs' Process of Garnishment and to award such other or further relief as may be appropriate.

Respectfully submitted,

*/s/ signature/*

JOHN C.S. PIERCE
MICHAEL A. MONTGOMERY

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER
    KATZ CRAIG LLP
P. O. Box 161389
Mobile, Alabama 36616
Telephone:  251/338-3805
Facsimile:   251/338-3805

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of November, 2005 served the above and foregoing on:

Leah O. Taylor
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

James L. Martin
P. O. Box 14
Eufaula, AL 36072-0015

Ronald H. Rentz
207-D West Main Street
Colquitt, GA 39837

Charles A. Stewart, III
Bradley Arant Rose & White LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Thomas R. Elliott, Jr.
1001 Park Place, Suite 430
Birmingham, AL 35203

*/s/ signature/*
COUNSEL