# EXHIBIT E

PAGE 2/7 * RCVD AT 12/23/2005 10:25:01 AM [Central Standard Time] * SVR:BHM-RIGHTFAX/15 * DNIS:5100 * CSID: * DURATION (mm-ss):12-50

# IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## EUFAULA DIVISION

| | |
|---|---|
| HARRIS LEVESON, an individual, ) | |
| HARRIS PEST & TERMITE CONTROL, ) | |
| et al., ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| v.    ) | Civil Action No.: CV-04-67 |
| ) | |
| PEOPLES COMMUNITY BANK, a ) | **ORAL ARGUMENT REQUESTED** |
| corporation; LARRY PITCHFORD, an | |
| individual; JERRY GULLEDGE, an ) | |
| individual, | |
| ) | |
| **Defendants** | |

## ROYAL & SUNALLIANCE'S MOTION TO ALTER, AMEND AND VACATE THE CONDITIONAL JUDGMENT AND MOTION TO DISMISS AND/OR QUASH

Royal & SunAlliance Insurance Agency, Inc., by and through special appearance, and Royal Indemnity Co., Inc., as the correct entity[1], move this Court to alter, amend or vacate the Conditional Judgment ("Judgment") entered against it on November 22, 2005, in the sum of $3.5 million, by setting aside the Judgment and moves the Court to dismiss or quash the Process of Garnishment and further dismiss Royal and SunAlliance Insurance Agency as an improper party. As grounds for this motion, Royal states as follows:

1. The Conditional Judgment entered against Royal has been entered in error. According to the Conditional Judgment signed by this Court on November 22, 2005,

---

[1] Royal Indemnity Co., Inc., initially appeared as the proper party via Motion to Dismiss on November 18, 2005, despite the fact that the plaintiff's Petition for Garnishment lists as garnishee an improper entity, Royal and SunAlliance Insurance Agency. Royal seeks an Order from this Court dismissing both the Conditional Judgment and Petition for Garnishment against Royal Indemnity Co. for the procedural and substantive grounds listed herein and further seeks dismissal of Royal and SunAlliance Insurance Agency as an improper party.

judgment was entered against Royal due to the fact that it had "failed to file an Answer thereto within the time required by law." When a process of garnishment is issued, Alabama law requires that the garnishee appear and answer within 30 days. On November 18, 2005, Royal filed a Motion to Dismiss (attached as Exhibit 1). As such, Royal timely answered via a responsive pleading within the time required by Alabama law. See, Code of Alabama §6-6-457 (1975). Under Alabama law, a motion to dismiss is a proper responsive pleading in the context of a garnishment action. Ex Parte Windsor Highlands Co., 33 So. 353, 354 (Ala. 1948); Curry v. Woodward, 50 Ala. 258 (Ala. 1874). As a proper responsive pleading was filed, the conditional judgment is due to be dismissed or quashed by this Court.

2. Moreover, the Process of Garnishment, upon which the Conditional Judgment is based, is not supported by a final judgment as required by Alabama Code §§ 6-6-390 ("no garnishment shall issue prior to a final judgment") and 27-23-2 (a judgment creditor "shall be entitled to have the insurance money provided for in the contract of insurance upon the recovery of a final judgment"). The underlying judgment upon which the Process of Garnishment has been issued is not a final judgment. In response to the October 7, 2005 Order entering a verdict in favor of the plaintiff, the defendants, on November 4, 2005, filed a timely Motion for New Trial, which suspends the time for filing a notice of appeal and therefore delays entry of a final judgment. Ala.R.App.P. 4(a)(3) (1975); Bailey Realty & Loan Co. v. Bunting, 19 So. 2d 609 (Ala. 1944)("In order to authorize garnishment thereon a judgment must be final, valid, unsatisfied, and definite as to the amount of recovery, the execution of which judgment has not been suspended by

PAGE 4/7 * RCVD AT 12/23/2005 10:25:01 AM [Central Standard Time] * SVR:BHM-RIGHTFAX/15 * DNIS:5100 * CSID: * DURATION (mm-ss):12-50

appeal or otherwise.") As such, Plaintiffs' Process of Garnishment and the Conditional Judgment based thereon is due to be dismissed, quashed and/or set aside.

3. The Process of Garnishment and Conditional Judgment were also premature and procedurally defective. As noted above, the Court entered its Order and Verdict on October 7, 2005. On that same day, Plaintiff initiated their Process of Garnishment. However, under Rule 62(a), Ala.R.Civ.P. and Alabama Code §27-23-2, Plaintiffs can take no action for the enforcement of the Court's Order, including filing a Process of Garnishment, until 30 days after the date of the Order. See Ins. Co. of North America v. Davis, 150 So. 2d 192, 194 (Ala. 1963)(interpreting 27-23-2, the Supreme Court stated "if the judgment is left unsatisfied after the expiration of thirty days, the judgment creditor, should he so desire, may proceed in equity against the defendant and the insurance company to collect the judgment.")

4. The Process of Garnishment instituted in this action was tantamount to a garnishment prior to a final judgment and therefore, it violates the Fourteenth Amendment to the United States Constitution. See, e.g., Skillman v. First State Bank of Altoona, 341 So. 2d 691, 692 (Ala. 1977).

5. Even if Plaintiffs' Process of Garnishment were proper under §27-23-2, it is due to be dismissed because it does not name Defendants as necessary garnishees. Under Alabama Code §27-23-2, "the judgment creditor may proceed against the defendant AND the insurer to reach and apply the insurance money to the satisfaction of the judgment." Code of Alabama §27-23-2 (1975) (emphasis added). This language provides "that the insured is a necessary party" and the garnishment "proceedings must be brought against the defendant in the action at law and the insurance company, as joint

3

respondents." Insurance Company of North America v. Davis, 150 So. 2d 192, 194 (Ala. 1963). Since Defendants are not identified as additional garnishees in the Process of Garnishment, Plaintiff's garnishment proceeding is due to be dismissed by this Court.

6. Additionally, this garnishment is due to be dismissed as there is no coverage afforded under the Royal policy for the underlying judgment. The allegations of the underlying lawsuit do not meet the definitions of "bodily injury", "occurrence" or "property damage." Ala. Code §27-23-1 (1975), which is one of the grounds upon which plaintiff herein bases his garnishment action, applies only to insurance policies under which a person or entity "is insured against loss or damage on account of bodily injury or death by accident of any person for which loss or damage such insured is responsible . . . ." Further, under Alabama Code §27-23-2, a judgment creditor may proceed against **both** the defendant and its insurer where there is a final judgment "for loss or damage . . . if the defendant in such action was insured against the loss or damage at the time when the right of action occurred . . . ." The Royal policy at issue eliminates the type of coverage contemplated by these statutes. Therefore, the plaintiffs have no right to bring a garnishment action against Royal.

7. The Conditional Judgment and Process of Garnishment also fail due to a lack of jurisdiction over the named garnishee. The plaintiff has served and named an improper party as garnishee. Royal and SunAlliance Insurance Agency, Inc. is not the issuer of the insurance policy in question and jurisdiction is improper against this alleged garnishee. See Exhibit 2). According to the policy which Plaintiffs are attempting to attach (see attached as Exhibit 3), the policy was issued by Royal Indemnity Company, as successor

4

PAGE 6/7 * RCVD AT 12/23/2005 10:25:01 AM [Central Standard Time] * SVR:BHM-RIGHTFAX/15 * DNIS:5100 * CSID: * DURATION (mm-ss):12-50

in interest to Globe Indemnity Company, and the later entity already moved to dismiss this action on November 18, 2005. As such the Conditional Judgment must be vacated.

8. The Conditional Judgment also exceeds the limits of coverage afforded under the Royal policy at issue. See, St. Paul Fire & Marine Ins. Co. v. Nowlin, 542 So. 2d 1190, 1194 (Ala. 1989)(holding that the insurance company was legally obligated to pay only the amount for which it was obligated to pay the insured under the policy.) Further, a judgment creditor is limited to issuing a Process of Garnishment against an insurance company up to the insured's policy limits. Safeway Ins. Co. v. Thompson, 688 So. 2d 271, 275 (Ala. 1996). As such, the Process of Garnishment and Conditional Judgment are improper.

9. Plaintiff further failed to properly serve the Process of Garnishment. See, Code of Alabama §6-6-393 (party filing a process of garnishment must serve it by "proper officer"). Royal was served with the Process of Garnishment and Conditional Judgment by certified mail, not "proper officer" as the statute requires.

10. Even if Royal were liable for a portion of the $3.5 million awarded damages, Royal is not responsible for payment under its policy until Plaintiffs collect all available payments from other insurance providers and sources. As such, Plaintiffs' Process of Garnishment is premature under the terms of the Policy.

WHEREFORE, Royal respectfully requests this Court set aside its Conditional Judgment entered on November 22, 2005, for the reasons set forth herein, and dismisses the Process of Garnishment as invalid and premature.

5

PAGE 7/7 * RCVD AT 12/23/2005 10:25:01 AM [Central Standard Time] * SVR:BHM-RIGHTFAX/15 * DNIS:5100 * CSID: * DURATION (mm-ss):12-50

Respectfully submitted,

*[signature]*

JOHN C.S. PIERCE (PIE009)
MICHAEL A. MONTGOMERY (MON043)

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER
  KATZ CRAIG LLP
P. O. Box 161389
Mobile, Alabama 36616
Telephone:  251/338-3805
Facsimile:   251/338-3805

### CERTIFICATE OF SERVICE

I hereby certify that I have this 21st day of December, 2005 served the above and foregoing via U.S. mail on:

Leah O. Taylor
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

James L. Martin
P. O. Box 14
Eufaula, AL 36072-0015

Ronald H. Rentz
207-D West Main Street
Colquitt, GA 39837

Charles A. Stewart, III
Bradley Arant Rose & White LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Thomas R. Elliott, Jr.
1001 Park Place, Suite 430
Birmingham, AL 35203

*[signature]*
COUNSEL

6