**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**ROYAL INDEMNITY COMPANY, as successor in interest to Globe Indemnity Company**

**Plaintiff**

**vs.** **CASE NO.:2:05cv1127-F**

**PEOPLES COMMUNITY BANK INCORPORATED, LARRY PITCHFORD, JERRY GULEDGE, HARRIS LEVESON, and HARRIS PEST AND TERMITE CONTROL, INC.,**

**Defendants**

**RESPONSE TO SHOW CAUSE ORDER AND MOTIONS TO STAY AND/OR ABSTAIN**

ROYAL INDEMNITY COMPANY, as successor in interest to Globe Indemnity Company, Plaintiff herein, offers the following response to the Court's Order to Show Cause as to why the Court should not abstain from hearing this matter.

The position taken by the parties seeking a stay or dismissal based upon the pendency of the garnishment action is disingenuous. The garnishment action filed in state court, upon which the defendants herein rely in support of their abstention arguments, is procedurally invalid, names a different party as garnishee than the plaintiff herein, and the judgment on which it is premised is in the process of being appealed. As such, this Court should view it as a nullity and allow this declaratory judgment action to proceed, or at the

very least should stay this matter pending an appeal. In support of this position, Royal further states as follows:

## I. Procedural History

Because the defendants herein have argued that the issues raised by Royal Indemnity are being simultaneously determined in Alabama Courts, a review of the history of the state court matter is pertinent to the issues at hand. A review of that matter reveals that the issues are not being determined in state court.

On October 3, 2005, after a bench trial, the Circuit Court of Barbour County, Alabama (Hon. B. Smithhart) entered judgment against the People's Bank in the amount of $3.5 million. (See, Excerpts from Barbour County Circuit Court Case Action Summary, Exhibit A) Despite the provisions of Alabama Rules of Civil Procedure 59 and 62, on that same day the Court also issued a Petition of Garnishment against Royal Insurance Agency, but not against Royal Indemnity Company. (Exhibit B). The Petition for Garnishment was served by certified mail on October 19, 2005.

Within 30 days of service, Royal appeared and filed a Motion to Dismiss the Petition for Garnishment based on numerous procedural and substantive grounds. (Exhibit C). The Motion was never ruled upon or even considered by the Barbour County Circuit Court. Instead, the Court entered a Conditional Judgment on November 28, 2005. (Exhibit D). The Conditional Judgment, akin to a default judgment, ordered Royal Insurance Agency to appear within 30 days or the judgment would become final.

Again, within 30 days of entry of the Conditional Judgment, Royal Insurance Agency filed a Motion to Alter, Amend or Vacate the Conditional Judgment. (Exhibit E). This Motion again raised numerous substantive and procedural defenses and also placed an affidavit in the record, setting forth facts indicating that Royal Insurance Agency was not the proper party for the Petition for Garnishment.

Despite the Petition for Garnishment having numerous procedural defects, and despite the fact that it named, as garnishee, an improper party, the Court once again ignored the Motion and entered a Final Judgment of Garnishment against Royal Insurance Agency on December 28, 2005. (Exhibit F)

In the meantime, Royal Indemnity Company, the plaintiff herein, and the proper issuer of the insurance policy to the defendants, filed this action seeking a declaration from the Court as to its coverage obligations. The defendants now seek to have the Court abstain from hearing this matter and to have the declaratory judgment Complaint filed by Royal dismissed, notwithstanding the fact that the issues of coverage are not being determined by the trial court.

Royal Indemnity company is not even a party to the underlying action. The plaintiffs in the underlying state court action have sought to garnish Royal Insurance Agency and, despite having been given notice by Royal Indemnity Company that the incorrect defendant was named in the garnishment, the "final judgement" on which defendants herein rely in support of their abstention and dismissal arguments does not involve Royal Indemnity Company, which issued the policy at issue.

Although the garnishees were on notice and the state trial court had two opportunities to correct their error, they chose to ignore the pleadings filed in response to the garnishment proceedings, in lieu of a quick entry of judgment. As such, there is no pending garnishment in state court involving this insurer.

## II. The Petition for Garnishment is Invalid

Even assuming the Garnishment Judgment entered against Royal Insurance Agency is valid and binding on Royal Indemnity Company, it should have no bearing on this Court's resolution of the declaratory judgment issues as the garnishment has been entered by the state court in error and it does not involve resolution of issues of coverage. There are numerous procedural and substantive defects which render the Process of Garnishment a nullity, including the fact that Royal timely answered the petition for garnishment, and the petition was prematurely filed when the underlying judgment was not final.

### A. The Petition for Garnishment Names a Different (and improper) Party

Not only has Royal demonstrated numerous procedural defects in the process of garnishment and entry of judgment, but it has also challenged the substantive aspects which plaintiffs claim support their garnishment. Namely, this garnishee has challenged under oath that it issued any policy to defendant in the underlying cause. (*See,* Affidavit of Linda Wyatt Pedigrew, submitted with Royal and Sun Alliance's Motion to Alter, Amend or Vacate the Conditional Judgment, Exhibit F) The underlying plaintiffs have simply

sought to garnish the wrong party, which issue is clearly joined in the underlying pleading filed on November 18, 2005. Royal and SunAlliance Insurance Agency, Inc. is not the issuer of the insurance policy in question and jurisdiction is improper against this alleged garnishee. According to the policy which Plaintiffs are attempting to attach, the policy was issued by Royal Indemnity Company, as successor in interest to Globe Indemnity Company, the plaintiff herein.

**B. Royal Timely Answered the Petition for Garnishment**

According to the Conditional Judgment signed by this Court on November 22, 2005, judgment was entered against Royal due to the fact that it had "failed to file an Answer thereto within the time required by law." When a process of garnishment is issued, Alabama law requires that the garnishee appear and answer within 30 days. On November 18, 2005, Royal filed a Motion to Dismiss. As such, Royal timely answered via a responsive pleading within the time required by Alabama law. See, Code of Alabama §6-6-457 (1975). Under Alabama law, a motion to dismiss is a proper responsive pleading in the context of a garnishment action. Ex Parte Windsor Highlands Co., 33 So. 353, 354 (Ala. 1948); Curry v. Woodward, 50 Ala. 258 (Ala. 1874). As a proper responsive pleading was filed, the conditional judgment is due to be dismissed or quashed by this Court.

Longstanding Alabama law provides that entry of a final judgment against a garnishee for failure to pled is not appropriate where the garnishee denies under oath a liability for the judgment. *See*, Sun Ins. Co. of New Orleans v. Doster-Northington Drug

Co., 164 Ala. 572, 51 So.414 (Ala. 1909). In this case, Royal Insurance Agency, by special appearance, has clearly joined an issue with the matters set forth in the garnishment proceedings. Although plaintiffs recognize that a pleading must be filed "under oath within the time allowed by statute . . . ", they conveniently ignore the fact that Royal Sun Alliance's motion, filed on November 18th, was submitted with a verified affidavit, made under oath, joining issue with regard to the propriety of Royal and Sun Alliance Insurance Agency, Inc. being named as a garnishee. Plaintiff's argument that Royal and Sun Alliance somehow failed to respond because of "inattention" are specious. The argument was clearly raised by the responsive pleading on November 18th and again on December 22nd.

**C. The Petition for Garnishment was Prematurely Filed**

Moreover, the Process of Garnishment, upon which the Conditional Judgment is based, is not supported by a final judgment as required by Alabama Code §§ 6-6-390 ("no garnishment shall issue prior to a final judgment") and 27-23-2 (a judgment creditor "shall be entitled to have the insurance money provided for in the contract of insurance upon the recovery of a final judgment"). The underlying judgment upon which the Process of Garnishment has been issued is not a final judgment. In response to the October 7, 2005 Order entering a verdict in favor of the plaintiff, the defendants, on November 4, 2005, filed a timely Motion for New Trial, which suspends the time for filing a notice of appeal and therefore delays entry of a final judgment. Ala.R.App.P. 4(a)(3) (1975); Bailey Realty & Loan Co. v. Bunting, 19 So. 2d 609 (Ala. 1944)("In order to authorize garnishment

thereon a judgment must be final, valid, unsatisfied, and definite as to the amount of recovery, the execution of which judgment has not been suspended by appeal or otherwise.")

The Process of Garnishment and Conditional Judgment were also premature and procedurally defective. As noted above, the Court entered its Order and Verdict on October 7, 2005. On that same day, Plaintiff initiated their Process of Garnishment. However, under Rule 62(a), Ala.R.Civ.P. and Alabama Code §27-23-2, Plaintiffs can take no action for the enforcement of the Court's Order, including filing a Process of Garnishment, until 30 days after the date of the Order. *See* Ins. Co. of North America v. Davis, 150 So. 2d 192, 194 (Ala. 1963)(interpreting 27-23-2, the Supreme Court stated "if the judgment is left unsatisfied after the expiration of thirty days, the judgment creditor, should he so desire, may proceed in equity against the defendant and the insurance company to collect the judgment.")

**III. Argument**

In order for this Court to Abstain from hearing this action, there must be a parallel action pending in another Court that involves the same issues and the same parties warranting abstention favor of this other matter. Colorado River Water Conservation District v. U.S., 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). As noted above, the Petition for Garnishment is not such a parallel action pending in another court, notably because it names a party different from the plaintiff herein. As a result, this Court should not abstain from hearing this action. *See*, Scottsdale Ins. Co. v. Detco Industries, Inc., 426

F.3d 994 (8th Cir. 2005)(state court proceedings were not parallel where insurer was seeking declaration by federal court and insurer was not a party to state suits and issues were different); General Star Intern. Indem., Ltd.v. Chase Manhatten Bank, 57 Fed. Appx. 892 (2d cir. 2003); Administrative Committee v. Gauf, 188 F.3d 767 (7th cir. 1999)(where federal plaintiff was not a party to the allegedly concurrent state action, the cases were not parallel within the meaning of the Colorado River doctrine); Watkins v. Crescent Enterprises, LLC, 314 F.Supp.2d 1156 (N.D. Okla. 2004)(parallel proceeding requirement did not exist where at least one defendant was not a party to state action and claims raised were unique to federal action); Administrative Committee v. Alexander, _____ F. Supp. _____, 2001 WL 32874 (N.D. Ill. 2001)(holding that suits were not similar where the sole plaintiff in the federal action was not a party in the state proceedings, and the interests of the federal plaintiff were not represented in the state court action); *see also*, Ewing v. Tilden Commercial Alliance, Inc., ____ F. Supp. ____ 1995 WL 239375 (N.D. Ill. 1995).

As correctly pointed out by the defendants herein, the Court has discretion as to whether to hear a declaratory judgment matter. While the discretion is generally wide, the Court must decide "whether the questions in controversy between the parties to the federal suit . . . can better be settled in [a] proceeding pending in state court." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). Clearly, the issues joined in this declaratory judgment action **cannot** be settled in the state court action as defendants allege. *See,* Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942)(vexatious for a federal court to proceed in a declaratory judgment suit where suit in state court presents the same issues, between the same parties) The numerous procedural defects and the absence of similar

parties to the state court proceedings militate in favor of this Court's jurisdiction over this matter. *See*, Viola v. Fireman's Fund Ins. Co., 965 F.Supp. 654 (E.D. Pa. 1997)(action against excess insurer to recover under a policy after plaintiff obtained a judgment raised distinctly different issues since excess carrier had not asked state court to rule on its obligations to defend and indemnify insurer).

The factors set forth in Ameritas Variable Life Ins. co. v. Roach, 411 F. 3d 1328 (11th Cir. 2005), further weigh in favor of this Court denying the Motions to Dismiss/Abstain and allowing this matter to proceed. The first factor, the strength of the state's interest in the issues does not require abstention or dismissal. The State of Alabama has no great interest in the outcome of a declaration of the rights to insurance coverage under a private contract of insurance. Nor does it have a particularly compelling interest in a garnishment action against a different party. The State's compelling interest will lie in determining the merits of the underlying trial court judgment against People's Community Bank, and the potential inability of the judgment debtor to pay. *See, e.g.*, Viola, *supra*.

The second factor militates in favor of maintaining this action, as a judgment from this Court declaring the rights of the parties to the insurance contract would settle the controversy of whether there is coverage under the subject policy once and for all. Although the proponents of dismissal assert without support that there are remaining state court issues to be resolved, they have cited no such issues. Moreover, the proceedings in the state court, entering a premature and invalid garnishment against the improper party without hearing or even entertaining arguments to the contrary, clearly indicates that

the disposition of the controversy in state court is neither more orderly or comprehensive that would be provided by this Court.

The third factor also clearly calls for federal resolution of this matter, as this forum is the only one in which the coverage issues are currently being examined. Even assuming that the state court action involved coverage issues, the trial court has itself abstained from considering even the procedural difficulties underlying this garnishment, and the underlying plaintiffs have not even raised or sought to argue the substantive coverage issues involved herein.

The fourth factor involves forum shopping or procedural fencing, which are not implicated by the actions of Royal Indemnity in this matter. First, the movants incorrectly assert that the garnishment is a prior pending action, which it is not as Royal Indemnity is not even a party to that action, as argued above. As also noted above, there is no proceeding to examine the coverage issues ongoing in state court at this time. Royal Indemnity properly sought a review of the rights of the parties under the Declaratory Judgment statute.

The arguments, under the final remaining factors, that this action would somehow create friction or encroach on state jurisdiction are without merit. The policy language at issue herein has not been and is not being examined by the Barbour County Circuit Court, and, contrary to the implication in the movant's brief, the premature garnishment at issue has certainly not been litigated since February of 2004. Moreover, the state court action

will likely be stayed pending appeal[1], which certainly create no scheduling or other conflicts while the issue of coverage is determined in this court. *See*, Viola v. Fireman's Fund Ins. Co., 965 F. Supp. 654 (E.D. Pa. 1997)(abstention not warranted where issues of coverage were not raised in the underlying state court proceeding).

The state court does not present an alternative remedy to fulfill the requirements of the sixth factor. As currently poised, that action presents no opportunity for the argument and resolution of the coverage issues involved herein. Likewise, the factual overlap at issue, and whether the state trial court is in a better position to evaluate this matter, is not met here. The state trial court did not evaluate the coverage issues in three days of testimony, nor will it evaluate the issues presented herein. *See generally*, Woods Corporate Associates v. Signet Star Holdings, Inc., 910 F.Supp. 1019 (D.N.J. 1995)(state court breach of lease action was not parallel to federal action involving same parties); Radtke v. City of Philadelphia, _____ F. Supp. _____, 1995 WL 470332 (E.D. Pa. 1995)(state court action seeking enforcement of a court order for to pay wrongfully withheld benefits held different from federal claim for bad faith involving same parties).

## IV. Conclusion

The Motions filed by the Defendants herein should be denied. Not only does the state court action concern a different party, the garnishment action upon which the request

[1]Given the likelihood of appeal and the fact that the time for same will run in the near future, movant's comity and abstention arguments would justify, at most, staying this declaratory judgment action. Once the appeal is perfected, the exact issues to be addressed by the Alabama Courts will be clearly delineated, and this matter can proceed without risk of violating the doctrine of comity.

for abstention is based is clearly improper, as demonstrated by the evidence herein. As such, the factors under Colorado River and Ameritas weigh in favor of the plaintiff's right to proceed with its action under the declaratory judgment act.

Respectfully submitted,

/s/MICHAEL A. MONTGOMERY
JOHN C.S. PIERCE (PIERJ0347)
MICHAEL A. MONTGOMERY (MONTM9362)

OF COUNSEL:

BUTLER, PAPPAS, WEIHMULLER
KATZ CRAIG LLP
P. O. Box 161389
Mobile, Alabama 36616
Telephone: (251) 338-3801
Facsimile: (251) 338-3805

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 13th day of January, 2006, I electronically filed the foregoing with the Clerk fo the Court usign the CM/EMF system which will serve notification of such filing to the following:

Gerald P. Gillespy, Esq.
Jason A. Walters, Esq.
E. Ted Taylor, Esq.
Leah O. Taylor, Esq.
James D. Farmer, Esq.
Christopher Max Mims, Esq.

/s/ MICHAEL A. MONTGOMERY
COUNSEL