

## *alacourt.com's*

## *Alabama SJIS Case Detail*

| Case | | | | | | | |
|---|---|---|---|---|---|---|---|
| County | 69 | Case Number | CV 2004 000067 00 | JID | LBS | Trial | J |
| Style | HARRIS LEVENSON ET AL VS PEOPLES COMMUNITY BANK ET AL | | | | | | |
| Code | TBFM | Type | BAD FAITH/FRAUD/MISR | Filed | 02202004 | Track | |
| Amount | | Status | DISPOSED | Plaintiffs | 001 | Defendants | 003 |
| DJID | LBS | Court Action | B (BENCH VERDICT) 10072005 | | | For | C |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | No Damages | |
| Trial Days | | Lien | | | | | |

| Settings | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date 1 | 08152005 | Que 1 | 001 | Time 1 | 0830 A | Description | PTRC PRETRIAL CONFERENCE |
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | 08222005 | Que 3 | 001 | Time 3 | 0830 A | Description | JTRL TRIAL - JURY |
| Date 4 | 05172005 | Que 4 | 001 | Time 4 | 0830 A | Description | SCHC SCHEDULE CONFERENCE |
| Cont Date | 04192005 | Why | 3 CONT'D NEXT TERM | | | Cont # | 03 |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | 0000 000000 00 | | |
| TBNV1 | | TBNV2 | | DSDT | | DTYP | |
| Comment 1 | TRANSFERED FROM THE CLAYTON DIVISION CV-2004-020 | | | | | | |
| Comment 2 | VERDICT SEALED 10/27/05 | | | | | | |

| Party 1 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | C 001 | Name | LEVESON HARRIS | | | Type | INDIVIDUAL |
| INDX | D/PEOPLES COMM | ANAM | | | | JID | LBS |
| SSN | | Address 1 | HARRIS PEST & TERMITE | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | NICHOLS JARROD DAVID | Atty 2 | TAYLOR LEAH O | Atty 3 | TAYLOR TED | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | B (BENCH VERDICT) | Date | 10072005 | For | C | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

| Party 2 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | D 001 | Name | PEOPLES COMMUNITY BANK | | | Type | BUSINESS |
| INDX | C/LEVESON HARR | ANAM | | | | JID | LBS |
| SSN | | Address 1 | C/O REGISTERED AGENT | | | Sex | |
| DOB | | Address 2 | 109 EAST CHURCH ST | | | Race | |
| Country | US | City | COLUMBIA AL 36319 0000 | | | Phone | 334 000 0000 |
| Atty 1 | MARTIN JAMES L | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 02252004 | Type | C CERTIFIED MAI | Reissue | | Type | |
| Return | | Type | | Return | | Type | |

EXHIBIT A

| Date | Time | Type | Description | Initials |
|---|---|---|---|---|
| 08242005 | 1529 | TEXT | ORDER ON DEFENDANT'S MOTION FOR SJ | DAN |
| 08312005 | 1014 | TEXT | PLS' BRIEF ON DAMAGES | DEH |
| 08312005 | 1014 | TEXT | PLS' NOTICE OF FILING/EXHIBIT 166-TRANSCRIPT | DEH |
| 09072005 | 1621 | TEXT | DEFENDANT'S POST TRIAL BRIEF | DAN |
| 09152005 | 1040 | TEXT | PLS' REPLY BRIEF | DEH |
| 10072005 | 1439 | STAT | CASE ASSIGNED STATUS OF: DISPOSED (AV01) | DEH |
| 10072005 | 1439 | DISP | DISPOSED ON: 10/07/2005 BY (BENCH VERDICT) (AV01) | DEH |
| 10072005 | 1439 | CACJ | COURT ACTION JUDGE: HON. BURT SMITHART (AV01) | DEH |
| 10072005 | 1439 | PDIS | C001 DISPOSED BY (BENCH VERDICT) ON 10/07/2005 | DEH |
| 10072005 | 1439 | PDIS | D001 DISPOSED BY (BENCH VERDICT) ON 10/07/2005 | DEH |
| 10072005 | 1439 | PDIS | D002 DISPOSED BY (BENCH VERDICT) ON 10/07/2005 | DEH |
| 10072005 | 1439 | PDIS | D003 DISPOSED BY (BENCH VERDICT) ON 10/07/2005 | DEH |
| 10072005 | 1439 | TRAN | TRANSMITTAL NOTICE SENT TO TAY012 | DEH |
| 10072005 | 1440 | TEXT | ORDER SIGNED | DEH |
| 10072005 | 1451 | TEXT | GARNISHMENT ISSUED TO PROGRESSIVE CASUALTY INS CO | DEH |
| 10072005 | 1451 | TEXT | GARNISHMENT ISSUED TO ROYAL & SUNALLIANCE INS CO | DEH |
| 10262005 | 0854 | TEXT | MOTION TO SEAL VERDICT/ORDER | DEH |
| 10272005 | 1102 | TEXT | VERDICT SEALED | DEH |
| 10272005 | 1104 | TRAN | TRANSMITTAL NOTICE SENT TO PLAINTIFF ATTORNEY | DEH |
| 10272005 | 1501 | PART | PROGRESSIVE CASUALTY INS CO ADDED AS G001 (AV21) | DEH |
| 10272005 | 1501 | SERC | SERVICE OF SERVED PERSON ON 10/21/2005 FOR G001 | DEH |
| 10272005 | 1501 | SUMM | SHERIFF ISSUED: 10/07/2005 TO G001 (AV21) | DEH |
| 10282005 | 1121 | IDUE | CERTIFIED MAI G/H ISSUED ON 10/25/2005 FOR D001 | DEH |
| 10282005 | 1121 | SERC | G/H SERVICE: CERTIFIED MAI ON 10/27/2005 FOR D001 | DEH |
| 10312005 | 0910 | PART | ROYAL & SUNALLIANCE INS AGENCY ADDED AS G002(AV21) | DEH |
| 10312005 | 0910 | SUMM | SHERIFF ISSUED: 10/07/2005 TO G002 (AV21) | DEH |
| 10312005 | 0910 | SERC | SERVICE OF SERVED PERSON ON 10/19/2005 FOR G002 | DEH |
| 10312005 | 0910 | IDUE | CERTIFIED MAI G/H ISSUED ON 10/25/2005 FOR D001 | DEH |
| 10312005 | 0916 | SERC | G/H SERVICE: CERTIFIED MAI ON 10/27/2005 FOR D001 | DEH |
| 10312005 | 1311 | TEXT | JERRY GULLEGE SERVED WITH BOTH GARNISHMENTS | DAN |
| 11032005 | 1030 | TEXT | GARNISHMENT SERVED TO PEOPLES COMM. BANK & | DEH |
| 11032005 | 1030 | TEXT | LARRY PITCHFORD | DEH |
| 11042005 | 0937 | TEXT | MOTION FOR NEW TRIAL/JUDGMENT AS A MATTER OF LAW | DEH |
| 11042005 | 1344 | TEXT | SUPPLEMENTAL AMENDMENT TO MOTION FOR NEW TRIAL | DEH |
| 11042005 | 1615 | TEXT | MOTION TO DISMISS | DEH |
| 11182005 | 1026 | TEXT | MOTION TO DISMISS BY ROYAL INDEMNITY FILED IN | DEH |
| 11182005 | 1026 | TEXT | CLAYTON/RECEIVED IN EUFAULA 11/28/05 | DEH |
| 11222005 | 1151 | TEXT | CONDITIONAL JUDGMENTS AGAINST PROGRESSIVE AND | DAN |
| 11222005 | 1151 | TEXT | ROYAL/SUNALLICANCE FILED AND MAILED OUT BY | DAN |
| 11222005 | 1152 | TEXT | CERTIFIED MAIL..PEOPLES COMMUNITY BANK, LARRY | DAN |
| 11222005 | 1152 | TEXT | PITCHFORD AND JERRY GULLEDGE MAILED BY CERT- | DAN |
| 11222005 | 1152 | TEXT | IFIED MAIL BOTH COPIES | DAN |
| 11232005 | 1313 | TEXT | JERRY GULLEDGE, PROGRESSIVE CAS. INS. CO. & | DEH |
| 11232005 | 1313 | TEXT | ROYAL & SUNALLIANCE INS CO SERVED WITH CONDITIONAL | DEH |
| 11232005 | 1313 | TEXT | JUDGMENTS BY CERT. MAIL | DEH |
| 11252005 | 1313 | TEXT | PEOPLES COMM. BANK & LARRY PITCHFORD SERVED WITH | DEH |
| 11252005 | 1313 | TEXT | CONDITIONAL JUDGMENTS BY CERT. MAIL | DEH |
| 11302005 | 1401 | ATTY | LISTED AS ATTORNEY FOR G002: PIERCE JOHN CHARLES S | DAN |
| 11302005 | 1401 | ATTY | LISTED AS ATTORNEY FOR G002: MONTGOMERY MICHAEL A | DAN |
| 12122005 | 1143 | TEXT | OPPOSITION TO DEFS' MOTION FOR NEW TRIAL/ | DEH |
| 12122005 | 1143 | TEXT | JUDGMENT AS A MATTER OF LAW | DEH |
| 12122005 | 1606 | TEXT | PROGRESSIVE CASUALTY'S MOTION TO ALTER OR AMEND | DEH |
| 12122005 | 1606 | TEXT | CONDITIONAL JUDGMENT AND MOTION TO DISMISS OR | DEH |
| 12122005 | 1606 | TEXT | QUASH | DEH |
| 12122005 | 1607 | ATTY | LISTED AS ATTORNEY FOR G001: STEWART CHARLES A III | DEH |
| 12132005 | 1042 | TEXT | 2ND SUPPLEMENTAL AMENDMENT TO MOTION FOR NEW | DEH |
| 12132005 | 1042 | TEXT | TRIAL/JUDGMENT AS A MATTER OF LAW | DEH |

```
12132005 1311 TEXT   ORDER SIGNED/MOTION FOR NEW TRIAL DENIED         DEH
12132005 1315 TRAN   TRANSMITTAL NOTICE SENT TO PLAINTIFF ATTORNEY    DEH
12152005 1115 TEXT   PROGRESSIVE'S REQUEST FOR ORAL ARGUMENT          DEH
12222005 1509 TEXT   ROYAL & SUNALLIANCE'S MOTION TO ALTER, AMEND AND DEH
12222005 1509 TEXT   VACATE THE CONDITIONAL JUDGMENT AND MOTION TO    DEH
12222005 1509 TEXT   DISMISS AND OR QUASH                             DEH
12272005 1509 TEXT   PLS' RESPONSE TO PROGRESSIVE CAS.CO'S MOTION TO  DEH
12272005 1509 TEXT   ALTER OR AMEND CONDITIONAL JUDGMENT              DEH
12272005 1509 TEXT   PLS' RESPONSE TO GARNISHEE ROYAL & SUNALLIANCE'S DEH
12272005 1509 TEXT   MOTION TO ALTER OR AMEND CONDITIONAL JUDGMENT    DEH
12282005 1058 TEXT   FINAL JUDGMENT AGAINST GARNISHEE                 DEH
12282005 1111 ATTY   LISTED AS ATTORNEY FOR G001: ELLIOTT THOMAS R JR DEH
12282005 1114 PART   PROGRESSIVE CASUALTY INS CO ADDED AS O001 (AV02) DEH
12282005 1114 ATTY   LISTED AS ATTORNEY FOR O001: STEWART CHARLES A II DEH
12282005 1114 ATTY   LISTED AS ATTORNEY FOR O001: ELLIOTT THOMAS R JR DEH
12282005 1114 ATTY   LISTED AS ATTORNEY FOR O001: SMITH SCOTT BURNETT DEH
12282005 1114 ATTY   LISTED AS ATTORNEY FOR O001: EADY HALLMAN BLAIR  DEH
12282005 1114 SERC   SERVICE OF SERVED PERSON ON 10/21/2005 FOR O001  DEH
12282005 1114 SUMM   SHERIFF ISSUED: 10/07/2005 TO O001 (AV02)        DEH
12282005 1116 TEXT   PROGRESSIVE ADDED AS O001 TO ACCOMIDATE NAMES OF DEH
12282005 1116 TEXT   ATTORNEYS ONLY                                   DEH
12282005 1117 TRAN   TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS         DEH
12282005 1137 TRAN   TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS         DEH
01132006 1451 TEXT   PROGRESSIVE CASUALTY INS. CO'S CORRECTED         DEH
01132006 1451 TEXT   MOTION TO ALTER OR AMEND CONDITIONAL JUDGMENT    DEH
01132006 1451 TEXT   AND MOTION TO DISMISS OR QUASH                   DEH
```

**ORIGINAL**
**PLEASE SERVE AND RETURN**

| State of Alabama Unified Judicial System | PROCESS OF GARNISHMENT | Case Number CV 04-67 |
|---|---|---|
| Form C-21 (Front)   Rev.10/99 | | |

IN THE Circuit COURT OF Barbour COUNTY, ALABAMA

**NAME AND ADDRESS OF PLAINTIFF** (Person Asserting Claim)
Harris Leveson and Harris Pest & Termite Control, P.O. Box 477, Eufaula, AL 36072

**NAME AND ADDRESS OF DEFENDANT** (Person Whose Property is Subject to Garnishment)
See Attached.

**NAME AND ADDRESS OF ATTORNEY FOR PLAINTIFF**
TED TAYLOR and LEAH O. TAYLOR
Taylor & Taylor, 2130 Highland Avenue
Birmingham, AL 35205

DATE OF JUDGMENT
JUDGMENT AMOUNT: $ 3,500,000.00
COSTS: $
LESS CREDIT: $
OTHER: $
TOTAL: $

**NAME AND ADDRESS OF GARNISHEE** Policy No.: G2 SV035675
Royal & SunAlliance Insurance Agency, Inc.
150 S. Perry Street, Montgomery, AL 36104

**AFFIDAVIT**

A. I make oath that I have obtained the above judgment and believe the named garnishee is or will be indebted to the named defendant or has or will have effects of the defendant under the garnishee's control. I believe that a Process of Garnishment against the garnishee is necessary to obtain satisfaction of the judgment.

B. If the garnishment is for wages, salary or other compensation, I further make oath that the amount to be withheld must be:
☐ 25% of disposable earnings for the week OR the amount by which disposable earnings for the week exceed 30 times the federal minimum hourly wage in effect at the time the earnings are payable, WHICHEVER IS LESS.
☐ 20% of disposable earnings for the week OR the amount by which disposable earnings for the week exceed 50 times the federal minimum hourly wage in effect at the time the earnings are payable, WHICHEVER IS LESS, which amount is in compliance with the instructions on the reverse side of this form.

C. I hereby request disbursement of amounts periodically paid into court pursuant to this garnishment.

Sworn and subscribed before me this 17th Day of October, 2005

_(Notary Public/Clerk (Signature))_    _Affiant/Attorney (Signature)_

OCT -7 2005

**WRIT OF GARNISHMENT**

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:
You are hereby commanded to serve this Process of Garnishment on the GARNISHMENT _____ and make proper return to this court. and a copy on the defendant.
NOTICE TO DEFENDANT: READ THE IMPORTANT INFORMATION ON THE BACK OF THIS FORM (Regarding your Rights).
NOTICE TO GARNISHEE: YOU ARE THE GARNISHEE IN THE ABOVE ACTION.
You must complete and file the enclosed Answer form within thirty (30) days from service of process. If you fail to file an Answer, the plaintiff can proceed for judgment against you for the amount of the claim, plus costs. Mailing the Notarized Answer Form to the clerk of the court at the address below constitutes making a proper appearance in the court. YOU MUST ANSWER:
(1) Whether you are or were indebted to the defendant at the time you received this process, or when you make your answer, or during the intervening time, or
(2) Whether you will be indebted to the defendant in the future by existing contract, or
(3) Whether by existing contract you are liable to the defendant for the delivery of personal property or for the payment of money, or
(4) Whether you have in your possession or control, money or effects belonging to the defendant.
You are commanded to retain the amount indicated above wages, salary or other compensation due or which will become due to the defendant for such period of time as is necessary to accumulate the sum $ _____ (Judgment and costs). You are required, after a period of 30 days from the first retention of any sum from the defendants wages, salary, or other compensation, to begin paying the money withheld into court as they are deducted or withheld and continue to do so on a monthly or more regular basis until the full amount is withheld. If employment of the defendant is terminated BEFORE the sum is accumulated, you are required by law to report the termination and pay into court within 15 days AFTER termination, all sums withheld in compliance with this garnishment. (See Reverse Side for Instructions on Garnishments). If you have in your possession or control property or money belonging to the defendant, which is NOT wages, salary or other compensation, you are further commanded to hold the property or money subject to orders of this court.

Date Issued: 10/7/05    Clerk: DAVID S. NIX, CLERK    By: _____ Deputy Clerk
Address: 303 E. Broad Street

this process was executed by serving a copy on (Garnishee) on (Date) _____ 
Eufaula, Alabama 36027 _____ Service on (Defendant) on (Date) 10-31-05
Served by: _____ Title: Chief

COURT RECORD (Original)    PLAINTIFF (Copy)    DEFENDANT (Copy)    GARNISHEE (Copy)

---

**EXHIBIT B**

| Form C-21 (back) | Rev. 10/99 | PROCESS OF GARNISHMENT |

### Instructions for Determining the Percentage of Wages, Salary or Other Compensation to be Withheld

I. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM SITUATIONS OTHER THAN CONSUMER LOANS, CONSUMER CREDIT SALE OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF §§ 6-10-7, code of Alabama 1975, and Title 15, §1673, United States Code ("U.S.C.").
Under Alabama and federal law, the amount subject to garnishment to collect such judgments shall not exceed the LESSER of:
(1) twenty-five (25) percent of "disposable earnings" for the week; OR
(2) the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.

II. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF: 5-19-15, Code of Alabama, 1975 as amended by Act 88-294, effective April 12, 1988.
A. Under this law, if the debt or demand was created ON OR AFTER April 12, 1988, the amount subject to garnishment shall not exceed the LESSER of:
(1) twenty-five (25) percent of "disposable earnings" for the week OR
(2) the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.
B. If the debt or demand was created BEFORE April 12, 1988, the amount subject to garnishment shall not exceed the LESSOR of:
(1) twenty (20) percent of "disposable earnings" for the week OR
(2) the amount by which "disposable earnings" for the week exceed fifty (50) times the federal minimum hourly wage in effect at the time the earnings are payable.

DISPOSABLE EARNINGS DEFINED: An employee's "disposable earnings" means that part of earnings of an individual remaining after deduction of amounts required by law to be withheld such as Federal Income Tax, Federal Society Security Tax, and State and Local Taxes.

### NOTICE TO GARNISHEE

Note: If you have in your possession or control property or money belonging to the defendant (which is not wages, salary or other compensation), you should hold the property or money subject to the orders of this court. The formula outlined below only applies if the property sought to be garnished is wages, salary or other compensation of the defendant.
(Use the following formula to calculate a garnishment of wages, salary or other compensation)
(1) Calculate "disposable earnings" for the week (see definition of "Disposable earnings" above)
(2) If the twenty-five (25 percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty-five (25) percent. Then multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by thirty (30) and subtract this amount from "disposable earnings." Compare these two and obtain lesser amount.
OR
(3) If the twenty (20) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty (20) percent. Multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by fifty (50) and subtract this amount from "disposable earnings." Compare these two and obtain lesser amount.
(4) After the calculation is made in accordance with (2) or (3) above (whichever is applicable), the amount of the garnishment for the week is the LESSER amount. Withhold this amount and pay it into court as instructed in the "Writ of Garnishment" on the front of this form.
(5) THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE YOU SHOULD CONSULT A LAWYER FOR ADVICE.

PROTECTION AGAINST DISCHARGE: Title 15, §1674, U.S.C., prohibits an employer from discharging any employee because his or her earnings have been subjected to garnishment for any one indebtedness.

### NOTICE TO DEFENDANT OF RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT

A process of garnishment has been delivered to you. This means that a court may order your wages, money in a bank, sums owed to you, or other property belonging to you, to be paid into court to satisfy a judgment against you.

Laws of the State of Alabama and of the United States provides that in some circumstances certain money and property may not be taken to pay certain types of court judgments, because certain money or property may be "exempt" from garnishment. For example, under state law, in some circumstances, up to $3,000 in wages, personal property, including money, bank accounts, automobiles, appliances, etc. may be exempt from process of garnishment. Similarly, under federal law, certain benefits and certain welfare payments may be exempt from garnishment. Benefits and payments ordinarily exempt from garnishment include, for example, social security payments, SSI payments, veteran's benefits, AFDC (welfare) payments, unemployment compensation payments and workmen's compensation payments.

THESE EXAMPLES ARE FOR PURPOSES OF ILLUSTRATION ONLY. WHETHER YOU WILL BE ENTITLED TO CLAIM ANY EXEMPTION FROM THE PROCESS OF GARNISHMENT, AND, IF SO, WHAT PROPERTY MAY BE EXEMPT, WILL DETERMINED BY THE FACTS IN YOUR PARTICULAR CASE. IF YOU ARE UNCERTAIN AS TO YOUR POSSIBLE EXEMPTION RIGHTS, YOU SHOULD CONSULT A LAWYER FOR ADVICE.

TO CLAIM ANY EXEMPTION THAT MAY BE AVAILABLE TO YOU, YOU MUST PREPARE A "CLAIM OF EXEMPTION" FORM LISTING ON IT ALL YOUR WAGES AND PERSONAL PROPERTY; HAVE THE CLAIM OF EXEMPTION NOTARIZED; AND FILE IT IN THE CLERK'S OFFICE. ALSO, IT IS YOUR RESPONSIBILITY TO MAIL OR DELIVER A COPY OF THE CLAIM EXEMPTION TO THE PLAINTIFF WHO HAS A JUDGMENT AGAINST YOU. YOU MUST INDICATE ON THE CLAIM OF EXEMPTION THAT YOU FILED IN THE CLERK'S OFFICE WHETHER YOU MAILED OR DELIVERED THE COPY TO THE PLAINTIFF AND THE DATE ON WHICH YOU MAILED OR DELIVERED IT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE, YOU SHOULD SEE A LAWYER.

If you file a claim of exemption, the plaintiff will have approximately ten (10) days to file a "contest of your claim of exemption. If a contest is filed, a court hearing will be scheduled and you will be notified of the time and place of the hearing. If the plaintiff does not file a contest, the property claimed by you as exempt will be released from the garnishment.

If you do not file a claim of exemption, your property may be turned over to the court and to the plaintiff on the judgment against you.

TO PROTECT YOUR RIGHTS, IT IS IMPORTANT THAT YOU ACT PROMPTLY. IF YOU HAVE ANY QUESTIONS, YOU SHOULD CONSULT A LAWYER.

### NOTICE TO PLAINTIFF OF RIGHT TO CONTEST CLAIM OF EXEMPTION OF DEFENDANT

If a "Claim of Exemption" is filed in the clerk's office and mailed or delivered to you by the defendant, you have approximately ten (10) days to file a "Contest" to the Claim of Exemption with the clerk of the court.

If a Contest is timely filed, a court hearing will be scheduled within Seven (7) calendar days (or on the next business day thereafter if the court is not open on the seventh day). You and the defendant will be notified of the time and place of the hearing.

If you fail to make timely Contest of the Claim of Exemption, after fifteen (15) calendar days from the filing of such claim by the defendant, the Process of Garnishment and any writ of garnishment issued therein shall be dismissed or, where appropriate, modified to the extent necessary to give effect to the claimed exemptions.

IF YOU ARE UNCERTAIN AS TO HOW TO FILE A CONTEST TO THE CLAIM OF EXEMPTION, YOU SHOULD CONSULT A LAWYER AND ADVICE THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE.

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | | |
|---|---|---|
| HARRIS LEVESON, an individual, <br> HARRIS PEST & TERMITE CONTROL, <br> et al., | ) <br> ) <br> ) | |
| Plaintiffs | ) | |
| v. | ) | Civil Action No.: CV-04-67 |
| PEOPLES COMMUNITY BANK, a <br> corporation; LARRY PITCHFORD, an <br> individual; JERRY GULLEDGE, an <br> individual, | ) <br> ) <br> ) <br> ) | |
| Defendants | ) | |

## MOTION TO DISMISS

Garnishee Royal Indemnity Co., as successor in interest to Globe Indemnity Co. ("Royal") moves this Court to dismiss Plaintiffs' Process of Garnishment. In support of this motion, Garnishee states as follows:

1.  On October 7, 2005, following a bench trial, an Order ("Order") was entered awarding to Plaintiffs $2.5 million in compensatory damages and $1 million in punitive damages against People Community Bank ("Peoples") as well as the Bank's officers, Larry Pitchford ("Pitchford") and Jerry Gulledge ("Gulledge"). This judgment arises from allegations that stem from a business transactions between the plaintiffs and the defendants on or around September, 2003.

2.  On the very same day the Order was filed, Plaintiffs filed a Process of Garnishment against Royal. (Exhibit "A")

3.  On December 28, 2002, Royal Indemnity Co., as successor in interest to Globe Indemnity Co., issued a Commercial General Liability Policy to Peoples Community


EXHIBIT C

Bancshares, Inc., under policy number SV065375. A copy of the Policy is attached as Exhibit "B." The Policy provided coverage from December 28, 2002 until December 28, 2003, and contains various exclusions, including professional services exclusions.

4. First and foremost, the garnishment is due to be dismissed as its filing was premature under Alabama Code §27-23-2 (1975). This provision only applies to final judgments. There is no final judgment in this case. Post-trial motions have been filed. This code section entitles certain judgment creditors to collect "insurance money provided for in the contract of insurance . . . If the judgment is not satisfied within 30 days after the date when it is entered." ALA. CODE §27-23-2 (1975). In <u>Insurance Company of North America v. Davis</u>, 150 So.2d 192 (Ala. 1963), the Supreme Court of Alabama interpreted this language, stating, "if the judgment is left unsatisfied after the expiration of thirty days, the judgment creditor, should he so desire, may proceed in equity against the defendant and the insurance company to collect the judgment." <u>Id</u>. at 194 (interpreting §27-23-2 as previously codified under §12, Title 28, code of Alabama 1940). So, even if the statute applied to this Policy, since Plaintiffs prematurely filed their garnishment action on the same date as this Court's Order, Plaintiffs' garnishment action against Royal is due to be dismissed. ALA. CODE §27-23-2 (1975).

5. Second, even if Plaintiffs' Process of Garnishment were proper under §27-23-2, it is due to be dismissed because it does not name Defendants as necessary garnishees. Under Alabama Code §27-23-2, "the judgment creditor may proceed against the defendant AND the insurer to reach and apply the insurance money to the satisfaction of the judgment." ALA. CODE §27-23-2 (1975) (emphasis added). This language provides "that the insured is a necessary party" and the garnishment "proceedings must be brought

against the defendant in the action at law and the insurance company, as joint respondents." Davis, 150 So.2d at 194. Since Defendants are not identified as additional garnishees in the Process of Garnishment, Plaintiff's garnishment proceeding is due to be dismissed by this Court.

6. Third, this garnishment is due to be dismissed as there is no coverage afforded under the Royal policy for the underlying judgment. The allegations of the underlying lawsuit do not meet the definitions of "bodily injury", "occurrence" or "property damage." Ala. Code §27-23-1 (1975), which is one of the grounds upon which plaintiff herein bases his garnishment action, applies only to insurance policies under which a person or entity "is insured against loss or damage on account of bodily injury or death by accident of any person for which loss or damage such insured is responsible . . . ." Further, under Alabama Code §27-23-2, a judgment creditor may proceed against **both** the defendant and its insurer where there is a final judgment "for loss or damage . . . if the defendant in such action was insured against the loss or damage at the time when the right of action occurred . . . ." The Royal policy at issue eliminates the type of coverage contemplated by these statutes. Therefore, the plaintiffs' have no right to bring a garnishment action against Royal.

7. For the foregoing reasons, Royal respectfully requests this Court to dismiss the Plaintiffs' Process of Garnishment and to award such other or further relief as may be appropriate.

Respectfully submitted,

*/s/*

JOHN C.S. PIERCE
MICHAEL A. MONTGOMERY

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER
    KATZ CRAIG LLP
P. O. Box 161389
Mobile, Alabama 36616
Telephone: 251/338-3805
Facsimile: 251/338-3805

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of November, 2005 served the above and foregoing on:

Leah O. Taylor
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

James L. Martin
P. O. Box 14
Eufaula, AL 36072-0015

Ronald H. Rentz
207-D West Main Street
Colquitt, GA 39837

Charles A. Stewart, III
Bradley Arant Rose & White LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Thomas R. Elliott, Jr.
1001 Park Place, Suite 430
Birmingham, AL 35203

*/s/*

COUNSEL

| State of Alabama<br>Unified Judicial System<br>Form C-24J   Rev. 8/98 | CONDITIONAL JUDGMENT AGAINST<br>GARNISHEE AND NOTICE TO GARNISHEE<br>(§ 6-6-457, Code of Alabama 1975) | Case Number<br>CV-04-67 |
|---|---|---|

IN THE __CIRCUIT__ COURT OF __BARBOUR__, ALABAMA
(Circuit or District)       (Name of County)

__Harris Leveson and Harris Pest & Termite Control__   v.   __Peoples Community Bank; Larry Pitchford; Jerry Gulledge, et al__
Plaintiff                                              Defendant

Garnishee: __Royal & SunAlliance Insurance Agency, Inc.__

Address: __150 S. Perry Street, Montgomery, Alabama 36104__

Comes the plaintiff, by his or her attorney, and moves for conditional judgment against the above-named garnishee; and it appearing to the court that on (date) __October 7, 2005__, the plaintiff recovered a judgment against the defendant for the sum of $ __3,500,000.00__, plus court costs, and that a Writ of Garnishment on the judgment was duly issued in this cause by the clerk of this court, and duly served upon the garnishee on (date) __October 19, 2005__ and that the garnishee has failed to file an Answer thereto within the time required by law;

IT IS, THEREFORE, considered, ordered and adjudged by the court that the plaintiff have and recover of the garnishee the sum of $ __3,500,000.00__, plus court costs, unless within thirty (30) days of service of process of this conditional judgment against Garnishee and Notice to Garnishee, the garnishee appears and shows cause why this conditional judgment should not be made final and absolute.

__11-22-05__
Date                                   Judge

FILED
NOV 22 2005
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

**To Any Sheriff or Any other Authorized Person:**

You are hereby commanded to serve this Conditional Judgment against Garnishee and Notice to Garnishee on the above-named garnishee and make proper return to this court.

__11-22-05__
Date                                   Clerk

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
                                                              (Date)

☐ I certify that I personally delivered a copy of the Conditional Judgment against Garnishee and Notice to Garnishee to _____ on _____
                                                                    (Date)

_____                    _____
Date                                Server's Signature

_____                    _____
Business Address of Server          Type of Process Server

_____
City    State    Zip Code



EXHIBIT D

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | |
|---|---|
| HARRIS LEVESON, an individual, ) <br> HARRIS PEST & TERMITE CONTROL, <br> et al., ) <br> ) <br>      **Plaintiffs** ) <br> ) <br> v. ) <br> ) <br> PEOPLES COMMUNITY BANK, a ) <br> corporation; LARRY PITCHFORD, an <br> individual; JERRY GULLEDGE, an ) <br> individual, <br> ) <br>      **Defendants** | Civil Action No.: CV-04-67 <br><br> <u>**ORAL ARGUMENT REQUESTED**</u> |

### ROYAL & SUNALLIANCE'S MOTION TO ALTER, AMEND AND VACATE THE CONDITIONAL JUDGMENT AND MOTION TO DISMISS AND/OR QUASH

Royal & SunAlliance Insurance Agency, Inc., by and through special appearance, and Royal Indemnity Co., Inc., as the correct entity[1], move this Court to alter, amend or vacate the Conditional Judgment ("Judgment") entered against it on November 22, 2005, in the sum of $3.5 million, by setting aside the Judgment and moves the Court to dismiss or quash the Process of Garnishment and further dismiss Royal and SunAlliance Insurance Agency as an improper party. As grounds for this motion, Royal states as follows:

1.     The Conditional Judgment entered against Royal has been entered in error. According to the Conditional Judgment signed by this Court on November 22, 2005,

---

[1] Royal Indemnity Co., Inc., initially appeared as the proper party via Motion to Dismiss on November 18, 2005, despite the fact that the plaintiff's Petition for Garnishment lists as garnishee an improper entity, Royal and SunAlliance Insurance Agency. Royal seeks an Order from this Court dismissing both the Conditional Judgment and Petition for Garnishment against Royal Indemnity Co. for the procedural and substantive grounds listed herein and further seeks dismissal of Royal and SunAlliance Insurance Agency as an improper party.

**EXHIBIT**

E

judgment was entered against Royal due to the fact that it had "failed to file an Answer thereto within the time required by law." When a process of garnishment is issued, Alabama law requires that the garnishee appear and answer within 30 days. On November 18, 2005, Royal filed a Motion to Dismiss (attached as Exhibit 1). As such, Royal timely answered via a responsive pleading within the time required by Alabama law. See, Code of Alabama §6-6-457 (1975). Under Alabama law, a motion to dismiss is a proper responsive pleading in the context of a garnishment action. Ex Parte Windsor Highlands Co., 33 So. 353, 354 (Ala. 1948); Curry v. Woodward, 50 Ala. 258 (Ala. 1874). As a proper responsive pleading was filed, the conditional judgment is due to be dismissed or quashed by this Court.

2. Moreover, the Process of Garnishment, upon which the Conditional Judgment is based, is not supported by a final judgment as required by Alabama Code §§ 6-6-390 ("no garnishment shall issue prior to a final judgment") and 27-23-2 (a judgment creditor "shall be entitled to have the insurance money provided for in the contract of insurance upon the recovery of a final judgment"). The underlying judgment upon which the Process of Garnishment has been issued is not a final judgment. In response to the October 7, 2005 Order entering a verdict in favor of the plaintiff, the defendants, on November 4, 2005, filed a timely Motion for New Trial, which suspends the time for filing a notice of appeal and therefore delays entry of a final judgment. Ala.R.App.P. 4(a)(3) (1975); Bailey Realty & Loan Co. v. Bunting, 19 So. 2d 609 (Ala. 1944)("In order to authorize garnishment thereon a judgment must be final, valid, unsatisfied, and definite as to the amount of recovery, the execution of which judgment has not been suspended by

2

appeal or otherwise.") As such, Plaintiffs' Process of Garnishment and the Conditional Judgment based thereon is due to be dismissed, quashed and/or set aside.

3.  The Process of Garnishment and Conditional Judgment were also premature and procedurally defective. As noted above, the Court entered its Order and Verdict on October 7, 2005. On that same day, Plaintiff initiated their Process of Garnishment. However, under Rule 62(a), Ala.R.Civ.P. and Alabama Code §27-23-2, Plaintiffs can take no action for the enforcement of the Court's Order, including filing a Process of Garnishment, until 30 days after the date of the Order. See Ins. Co. of North America v. Davis, 150 So. 2d 192, 194 (Ala. 1963)(interpreting 27-23-2, the Supreme Court stated "if the judgment is left unsatisfied after the expiration of thirty days, the judgment creditor, should he so desire, may proceed in equity against the defendant and the insurance company to collect the judgment.")

4.  The Process of Garnishment instituted in this action was tantamount to a garnishment prior to a final judgment and therefore, it violates the Fourteenth Amendment to the United States Constitution. See, e.g., Skillman v. First State Bank of Altoona, 341 So. 2d 691, 692 (Ala. 1977).

5.  Even if Plaintiffs' Process of Garnishment were proper under §27-23-2, it is due to be dismissed because it does not name Defendants as necessary garnishees. Under Alabama Code §27-23-2, "the judgment creditor may proceed against the defendant AND the insurer to reach and apply the insurance money to the satisfaction of the judgment." Code of Alabama §27-23-2 (1975) (emphasis added). This language provides "that the insured is a necessary party" and the garnishment "proceedings must be brought against the defendant in the action at law and the insurance company, as joint

3

respondents." Insurance Company of North America v. Davis, 150 So. 2d 192, 194 (Ala. 1963). Since Defendants are not identified as additional garnishees in the Process of Garnishment, Plaintiff's garnishment proceeding is due to be dismissed by this Court.

6. Additionally, this garnishment is due to be dismissed as there is no coverage afforded under the Royal policy for the underlying judgment. The allegations of the underlying lawsuit do not meet the definitions of "bodily injury", "occurrence" or "property damage." Ala. Code §27-23-1 (1975), which is one of the grounds upon which plaintiff herein bases his garnishment action, applies only to insurance policies under which a person or entity "is insured against loss or damage on account of bodily injury or death by accident of any person for which loss or damage such insured is responsible . . . ." Further, under Alabama Code §27-23-2, a judgment creditor may proceed against **both** the defendant and its insurer where there is a final judgment "for loss or damage . . . if the defendant in such action was insured against the loss or damage at the time when the right of action occurred . . . ." The Royal policy at issue eliminates the type of coverage contemplated by these statutes. Therefore, the plaintiffs have no right to bring a garnishment action against Royal.

7. The Conditional Judgment and Process of Garnishment also fail due to a lack of jurisdiction over the named garnishee. The plaintiff has served and named an improper party as garnishee. Royal and SunAlliance Insurance Agency, Inc. is not the issuer of the insurance policy in question and jurisdiction is improper against this alleged garnishee. See Exhibit 2). According to the policy which Plaintiffs are attempting to attach (see attached as Exhibit 3), the policy was issued by Royal Indemnity Company, as successor

4

in interest to Globe Indemnity Company, and the later entity already moved to dismiss this action on November 18, 2005. As such the Conditional Judgment must be vacated.

8. The Conditional Judgment also exceeds the limits of coverage afforded under the Royal policy at issue. *See*, St. Paul Fire & Marine Ins. Co. v. Nowlin, 542 So. 2d 1190, 1194 (Ala. 1989)(holding that the insurance company was legally obligated to pay only the amount for which it was obligated to pay the insured under the policy.) Further, a judgment creditor is limited to issuing a Process of Garnishment against an insurance company up to the insured's policy limits. Safeway Ins. Co. v. Thompson, 688 So. 2d 271, 275 (Ala. 1996). As such, the Process of Garnishment and Conditional Judgment are improper.

9. Plaintiff further failed to properly serve the Process of Garnishment. *See*, Code of Alabama §6-6-393 (party filing a process of garnishment must serve it by "proper officer"). Royal was served with the Process of Garnishment and Conditional Judgment by certified mail, not "proper officer" as the statute requires.

10. Even if Royal were liable for a portion of the $3.5 million awarded damages, Royal is not responsible for payment under its policy until Plaintiffs collect all available payments from other insurance providers and sources. As such, Plaintiffs' Process of Garnishment is premature under the terms of the Policy.

WHEREFORE, Royal respectfully requests this Court set aside its Conditional Judgment entered on November 22, 2005, for the reasons set forth herein, and dismisses the Process of Garnishment as invalid and premature.

Respectfully submitted,

*/s/ John C.S. Pierce*

JOHN C.S. PIERCE (PIE009)
MICHAEL A. MONTGOMERY (MON043)

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER
   KATZ CRAIG LLP
P. O. Box 161389
Mobile, Alabama 36616
Telephone: 251/338-3805
Facsimile: 251/338-3805

## CERTIFICATE OF SERVICE

I hereby certify that I have this 21st day of December, 2005 served the above and foregoing via U.S. mail on:

Leah O. Taylor
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

James L. Martin
P. O. Box 14
Eufaula, AL 36072-0015

Ronald H. Rentz
207-D West Main Street
Colquitt, GA 39837

Charles A. Stewart, III
Bradley Arant Rose & White LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Thomas R. Elliott, Jr.
1001 Park Place, Suite 430
Birmingham, AL 35203

*/s/ John C.S. Pierce*
COUNSEL

6

| State of Alabama<br>Unified Judicial System<br>Form C-24K   Rev. 8/98 | FINAL JUDGMENT AGAINST GARNISHEE | Case Number<br>CV-04-67 |
|---|---|---|

IN THE __CIRCUIT__ COURT OF __BARBOUR__, ALABAMA
(Circuit or District)                                      (Name of County)

Harris Leveson and Harris Pest &    v.   Peoples Community Bank; Larry Pitchford;
──────────────────────────────          ─────────────────────────────────────────
Plaintiff   Termite Control                              Defendant  Jerry Gulledge, et al

On __Nov. 22, 2005__ (date), a Conditional Judgment was entered against the garnishee, __Progressive Casualty Insurance Co.__

The above-name garnishee was served with the Conditional Judgment against Garnishee and Notice of Garnishee on __Nov. 23, 2005__ (date), by delivering a copy of same to __Progressive Casualty Ins.__

Because the garnishee failed to appear and answer the Conditional Judgment within 30 days of the service date, judgment is hereby made final of the sum of $ __3,500,000.00__ plus court costs in this matter.

FILED
DEC 28 2005
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

_____
Judge

12-28-05
_____
Date

EXHIBIT
F

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBERG

### AFFIDAVIT

I, Linda Y. Pettigrew, am a person of full age and majority and a resident of the State of North Carolina, County of Mecklenberg, and do hereby represent the following:

1. I am employed by Royal Indemnity Company and am a Corporate Officer for Royal & SunAlliance Insurance Agency, Inc.

2. I recently received notification of a Conditional Judgment Against Royal & SunAlliance Insurance Agency, Inc.

3. The policy at issue was not issued by Royal & SunAlliance Insurance Agency, Inc.

4. The policy at issue was by Royal Indemnity Company, as successor in interest to Globe Indemnity Company.

5. Royal & SunAlliance Insurance Agency, Inc. is a corporation formed under the laws of Delaware.

6. Royal & SunAlliance Insurance Agency, Inc. does not issue policies.

7. Royal & Sun Alliance Insurance Agency, Inc. was not served with the Process of Garnishment or Conditional Judgment by proper officer.

Linda Y. Pettigrew

Signed before me this
21st day of December, 2005.

Notary Public

My commission expires on: December 2, 2007

EXHIBIT
G