IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, as successor in interest to Globe Indemnity Company,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLES COMMUNITY BANK, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:05CV1127-B<br>)<br>)<br>)<br>)<br>) |

## MOTION TO WITHDRAW AS COUNSEL FOR JERRY GULLEDGE

COME NOW James D. Farmer and Christopher M. Mims, Farmer, Farmer & Malone, P.A., and move to withdraw as counsel for Jerry Gulledge. As grounds for this motion, Movants show the following:

1. The plaintiffs in the underlying suit for which coverage is sought sued the defendants Peoples Community Bank (now known as PeoplesSouth Bank), one of its officers, Larry Pitchford, and one of its former employees, Jerry Gulledge. The same trial counsel represented all three of the defendants jointly.

2. During the trial, defendant Gulledge, by his actions and testimony, became adverse to the interests of PeoplesSouth Bank and Larry Pitchford.

3. Subsequent to the judgment, defendant Gulledge has taken action and/or engaged in conduct that is adverse to PeoplesSouth Bank and Larry Pitchford, as well as to trial counsel representing the defendants.

4. By his testimony, actions and/or conduct, defendant Gulledge has created an irreconcilable conflict between himself and his co-defendants, PeoplesSouth Bank and Larry Pitchford, as well as between himself and trial counsel.

1431820

5. Movants were not trial counsel and did not represent defendant Gulledge in the underlying suit.

6. Movants filed a Motion to Dismiss in this case on behalf of PeoplesSouth Bank, Larry Pitchford and Jerry Gulledge in response to the complaint filed in this matter.

7. The Movants here have been made aware of the irreconcilable conflict between defendant Gulledge and defendants PeoplesSouth Bank and Larry Pitchford, as well as the conflict between defendant Gulledge and counsel.

8. Under these circumstances, the Alabama Rules of Professional Conduct mandate that the Movants immediately withdraw from representing defendant Gulledge.

9. Defendant Gulledge has been informed of the Movants' intent to withdraw as his counsel and has ample time within which to employ replacement counsel to represent and protect his interests in this case.

10. Defendant Gulledge will not be prejudiced by the Movants' withdrawal as his counsel here.

**WHEREFORE, PREMISES CONSIDERED,** Movants move the Court to allow them to withdraw as counsel for defendant Gulledge.

s/ James D. Farmer
s/ Christopher M. Mims
James D. Farmer (FAR011)
Christopher M. Mims (MIM002)
FARMER, FARMER & MALONE, P.A.
112 West Troy Street [36303]
Post Office Drawer 668
Dothan, Alabama  36302
Telephone: (334) 794-8596
Facsimile: (334) 794-4401

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 27th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing to the following:

Gerald P. Gillespy, Esq.
ggillesp@burr.com

Jason A. Walters, Esq.
jwalters@burr.com

John C. S. Pierce, Esq.
jpierce@butlerpappas.com

Michael A. Montgomery, Esq.
mmontgomery@butlerpappas.com

E. Ted Taylor
taylorlaw9@aol.com

Leah O. Taylor
lotaylor@taylorlawyers.com

                                              s/ James D. Farmer
                                              OF COUNSEL