IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, )<br>as successor in interest to GLOBE )<br>INDEMNITY COMPANY, )<br>    )<br>    PLAINTIFF, )<br>    )<br>v.   )<br>    )<br>PEOPLE COMMUNITY BANK, INC., )<br>*et al.,*   )<br>    )<br>    DEFENDANTS. ) | CASE NO. 2:05-cv-1127-MEF<br><br>(WO-Not Recommended for Publication) |

## MEMORANDUM OPINION AND ORDER

This action is presently before the court on Defendants Peoples Community Bank, Inc., Larry Pitchford and Jerry Gulledge's Motion to Dismiss, or in the Alternative, Motion to Abstain (Doc. # 12) and a Motion to Dismiss (Doc. # 10) filed by Defendants Harris Leveson and Harris Pest & Termite Control, Inc. Both these motions seek dismissal on abstention and other grounds of Plaintiff's complaint for declaratory judgment (Doc. # 1). The court has considered the complaint and the arguments in support of and in opposition to the motions. The court finds that its decision in this matter is governed by *Wilton v. Seven Falls Co.,* 515 U.S. 277, 289-90 (1995), *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495 (1942), and *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328 (11th Cir. 2005). Accordingly, the court has balanced the following factors:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would

>settle the controversy;
>(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>(6) whether there is an alternative remedy that is better or more effective;
>(7) whether the underlying factual issues are important to an informed resolution of the case;
>(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d at 1331. In this case, the court finds that the Defendants' arguments to be persuasive and well taken and that the applicable factors balance in favor of dismissal of this action. For this reason, it is hereby ORDERED that:

1. Defendants Peoples Community Bank, Inc., Larry Pitchford and Jerry Gulledge's Motion to Dismiss, or in the Alternative, Motion to Abstain (Doc. # 12) is GRANTED.

2. The Motion to Dismiss (Doc. # 10) filed by Defendants Harris Leveson and Harris Pest & Termite Control, Inc. is GRANTED.

3. This court will enter a separate final judgment consistent with this Memorandum Opinion and Order.

DONE this the 27th day of June, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE